# Stanton *v.* Louisville & Nashville Railroad Co.

*Action for Damages against Railroad Company, for Injuries to Horse.*

1. *Complaint; averments of negligence.*—Under the liberal construction placed on the statute requiring brevity in pleadings (Code, § 2664), a general averment of negligence on the part of defendant's servants, and consequent injury to plaintiff's horse, may be sufficient in a complaint claiming damages, without a statement of the particu-

[Stanton v. Louisville & Nashville Railroad Co.]

lar facts; but, if the particular facts are stated, they must show that the injuries were the natural consequence thereof, or the damages not too remote.

2. *Injuries to horses of travellers on public road, by noises of railway trains.*—The right of a railroad company to operate its road, includes the right to make all the noises incident to the movement and working of its engines, as the escape of steam, and to give the proper and usual admonitions of danger, by blowing the whistle, ringing the bell, &c.; and a person whose horse, in a buggy at a public crossing, becoming frightened at the noises or movements of the train, runs away and is injured, has no cause of action against the railroad company, unless the acts of its servants, which caused the fright of the animal, were wanton and malicious, and were done in the discharge of their business for the company.

3. *Obstruction of public road crossing by railway train; damages to traveller, consequential or remote.*—Whether a railroad company is not responsible for wrongfully or negligently delaying a traveller on the highway at a public road crossing, by allowing a train of cars to remain stationary on the track at the crossing, is not decided; but, if such liability exists, it extends only to the damages which are the natural consequences of the delay, and does not extend to damages caused by another train coming up, blowing off steam, frightening the traveller's horse, and causing him to run away.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by W. W. Stanton, against the L. & N. Railroad Company, to recover damages, as alleged in the first count of the complaint, "for the destruction and injury of a certain mare, buggy and harness, the property of plaintiff, caused by reason of the negligence and omissions of duty of defendant's agents or servants by wrongfully obstructing the public road crossing over defendant's railroad, and running another one of its trains up and across said crossing while so obstructed by the first, at or near the public road crossing at Pensacola Junction, or Flomaton, in said county, on the 15th March, 1889." A second count was added by amendment, as follows: "Plaintiff claims of defendant, also, the further sum of $300 damages for injuries to, and destruction of a mare, buggy and harness, the property of plaintiff, by reason of the wrongful acts and omissions of duty by the defendant, through its employès and servants, [for] that whereas, on the 15th March, 1889, plaintiff, while travelling with his said mare hitched to his buggy, on the public dirt road which crosses defendant's railroad track, at or near Flomaton in said county, when he arrived at the public crossing of said road and track, a long train of cars, placed and allowed to stand there by the wrongful act or omission of duty by defendant's employès, was there standing directly across said public crossing, and so remained for a half hour or more, by the negligence and fault of defendant's employès; by reason of which, plaintiff was delayed and prevented all that time from crossing with his

horse and buggy, and until a running train of defendant's cars, at the regular time due at the place, approached and came up to said crossing with great and unusual noise, blowing off steam, and before said first train of cars had been moved from across said public crossing; whereby, and on account of which, plaintiff's said mare became and was so frightened that, although he was endeavoring to hold and control her, she broke loose from him, and ran off, breaking and destroying the buggy and harness, and greatly injuring said mare, by which he has sustained special damages in the sum of $250. And plaintiff avers and alleges, also, that he has been damaged in the further sum of $50, by the wrongful acts and omissions of defendant's employès in wrongfully placing and allowing said train of cars to remain across said public road crossing at the time and place aforesaid, in being thereby delayed and annoyed at said crossing as above stated, and by being there left on foot forty miles from home, and compelled to pursue his said mare eighteen miles before overtaking her, where he found her greatly damaged; all by the wrongful act or omission of defendant. To plaintiff's damage as above stated." The court sustained a demurrer to this count, and the general issue was pleaded to the first count.

On the trial, the plaintiff introduced witnesses who testified to facts substantially as alleged in the second count of the complaint, and as stated in the opinion; and the defendant introduced no evidence. The court thereupon charged the jury, on request, that they must find for the defendant, if they believed the evidence; to which charge the plaintiff excepted. The charge of the court, and the ruling on the demurrer to the second count of the complaint, are now assigned as error.

J. W. POSEY, for appellant, cited 5 Amer. & En. Encyc. Law, 68, note; 62 Ala. 494; 37 N. Y. 82; 89 Ala. 240, 287.

J. M. FALKNER, *contra*, cited 69 Maine, 208; 78 Penn. St. 219; 8 Amer. & E. R. R. Cases, 210; Rorer on Railroads, 704; Patterson on Railroads, 152.

COLEMAN, J.—All pleadings must be as brief as is consistent with perspicuity and the presentation of the facts, or matter to be put in issue, in an intelligible form. No objection can be allowed for defect in form, if facts are so presented that a material issue in law or fact can be taken by the adverse party.—Code, § 2664. In the case of the *South & North Ala. R. R. Co. v. Thompson*, the complaint contained

[Stanton v. Louisville & Nashville Railroad Co.]

two counts, neither of which avers any special acts or omissions as constituting negligence. Each contained the general averment that the injury complained of was the result of the negligence or want of skill of defendant's employés in the management or running of said train, locomotive, cars, &c. It was held the complaint was sufficient.

In *West. Railway Co. v. Lazarus*, the averment of the complaint was, that "the engine was so negligently operated by defendant's agents, that plaintiff's cow was killed, and that said cow was killed on account of said negligence." This was held to be sufficient, on the ground that any averment which shows that the negligence of the defendant either caused, or reasonably contributed to the injury complained of, or that the injury resulted from such negligence, is sufficient.—88 Ala. 456. Notwithstanding the liberal construction given to section 2664 of the Code, and applied to pleadings, if the facts averred *prima facie* show the damages claimed were not the natural consequences of the negligence complained of, or were too remote to be held as the cause of the damage, such pleadings are demurrable, although the complaint ends with the general averment, that the injury complained was the result of such wrongful or negligent acts or omissions.

So far as the complaint avers the wrong or negligence of the defendant consisted in obstructing the public road with its trains, as the cause of damage and injury to the harness, buggy and mare, such averments do not show that the negligence caused, or reasonably contributed to the injury. There is no sufficient causal connection between the act complained of and the injury. The demurrer to the second count was properly sustained.

No evidence was introduced by the defendant, and the facts of the case are very few, and may be briefly stated as follows: The plaintiff, travelling in a buggy on the public road, came to a crossing of defendant's track. A train of cars was on the track across the road, which obstructed his further progress. After waiting for half an hour or more, a second train of cars ran up on the side track, "blowing off steam, and making unusual noise", and stopped where plaintiff was with his mare and buggy; and then reversed the engine, ran back a piece, and then forward along by plaintiff and his mare and buggy, and stopped at a point also across the public road. At the approach of this train, the mare became frightened, broke loose from the plaintiff, and ran away, injuring herself and the harness and buggy. Suit was brought to recover damages sustained. After hearing the evidence, the court gave the general charge in favor of the defendant.

25

The law in such cases may be stated as follows : The authority to operate a railroad includes the right to make the noise incident to the movement and working of its engines, as in the escape of steam, and the rattling of cars; and also to give the usual and proper admonitions of danger, as in the sounding of whistles, and the ringing of bells. It is not liable for injuries occasioned by horses, when being driven on the highway, taking fright at noises occasioned by the lawful and reasonable exercise of these rights and duties. But, if the acts of the servants occasioning the fright are wanton and malicious, and are done in the discharge of their business, by using the appliances of the company, such as wanton whistling of the engine, and the reckless discharge of steam, the company will be liable. 1 Rorer on Railroads, 704; Pierce on Railroads, 348.

In the case of *Whitney v. Maine Central R. R. Co.*, 69 Me. 208, the law was declared in the following terms : "A traveller upon the highway, and a railroad corporation with their trains, in approaching a crossing, are each bound to use their privilege with such reasonable precaution, prudence and actual diligence, as to enable the one to cross in safety to the other, and the corporation has the right to make all reasonable and usual noises incident to running their trains." It is the duty of trains, nearing a public crossing, to make such signals to warn persons approaching the track, that they may stop at a safe distance.—Code, § 1144.

In the case of the *Phil., Wilm. & Balt. R. R. Co. v. Stinger*, in commenting on the facts, the court stated that, "when a man drives an unbroken or vicious horse, or one that is easily frightened by a locomotive, along a public road running side by side with a railroad, and liable to be met or overtaken by a train, he does so at his own risk. The railroad had as high a right to move their trains upon their road, as the plaintiff had to drive his horse along the public road. Both were bound to the exercise of care in accordance with the circumstances of the case." In the case just cited, there was some evidence tending to show an unnecessary blowing of the whistle; and it was held to be proper to leave the jury to determine whether the whistle was used in such a wanton manner as to amount to negligence.—78 Pa. St. 226.

It is a general principle, that the wrongful and negligent acts complained of must be the efficient cause of the damage sustained. Whether directly or indirectly, the damage must be the natural consequences of the wrong.—5 Amer. & Eng. Encyc. of Law, 5. The fright of the horse and its running away, was not the natural consequence of permitting the cars to remain on the crossing. This may have contributed re-

[Stanton v. Louisville & Nashville Railroad Co.]

motely to that result, by the delay of the plaintiff until another train reached the spot; but the efficient cause which frightened the horse and made it run away, was the "blowing off steam" and "unusual noise" of the train which came up while the train was waiting to cross. The damages resulting from the fright of the horse were too remote, as a consequence of the obstruction of the public road, to be visited upon the defendant corporation for that cause.

We do not hold that a railroad may not be responsible for wrongfully or negligently delaying a person at a crossing; but the damages in such case must be the natural consequences of the delay, and not those produced by a subsequent, intervening and efficient cause. It follows, therefore, that if the plaintiff is entitled to recover, it must be on account of the "blowing off steam and unusual noise" of the engine, which frightened-plaintiff's horse and made it run away.

Applying the principles of law applicable as above declared, to the evidence in the case, we do not think there is sufficient proof to authorize a verdict for plaintiff. No evidence was introduced which tended to show any wanton or reckless "blowing off steam", or unnecessary movement of the train. In what way the "unusual noise" mentioned in the bill of exceptions was produced, or whether it was a noise unusual to the mare only, or of a character not incident to the running of the train, is not shown. Noise may be unusual to persons or things not accustomed to it, and usual as signals and incident to the running and movements of a train. The damage resulted from the fright of the mare; and as the railroad corporation has the right to use its track, and make the required signals at a public crossing, and all the usual noises incident to the running and moving of its trains, it was incumbent on the plaintiff to show the "blowing off steam," and the making of the noise complained of, was unnecessary, and recklessly or wantonly done, or with the intention to frighten the mare. There is no evidence of this character in the record. Consequently, we hold there was no error in the charge of the court, to find for the defendant.

Affirmed.