# Wilson *v.* Louisville & Nashville R. R. Co.

*Action for Damages for Personal Injury.*

(Decided April 20, 1906.　40 So. Rep. 941.)

*Railroads; Frightening Animals; Municipal Ordinances; Complaint; Sufficiency.*—A complaint which alleges the violation by the defendant railroad of an ordinance prohibiting the blocking of any public streets for more than five minutes at a time, whereby plaintiff's team, when near the crossing, became frightened and ran away injuring plaintiff, was demurrable as showing no causal connection between the injuries sustained and the violation of the ordinance.

APPEAL from Chilton Circuit Court.

Heard before HON. S. L. BREWER.

Action by Wilson v. L. & N. R. R. Co., for damages for injuries sustained by plaintiff alleged to be due to the

frightening of plaintiff's team by the negligence of the defendant's servant. The facts are sufficiently stated in the opinion of the court.

BOWMAN, HARSH & BEDDOW, for appellant.—The averments of the complaint are sufficient to charge the defendant, and the demurrers to them, should have been overruled.—*Leach v. Bush,* 57 Ala. 153; *M. & M. R. R. Co. v. Crenshaw,* 55 Ala. 569; *L. & N. R. R. Co. v. Marbury Co.,* 125 Ala. 247; *P. C. Tel. v. Jones,* 133 Ala. 225. There is nothing in the second ground of demurrer.—*Southern Ry. Co. v. Wildman,* 119 Ala. 565; 20 A. & E. Ency. of Law, p. 176.

W. A. COLLIER and GEORGE W. JONES, for appellee.—The court properly sustained the demurrers to the complaint.—*Western Ry. Co. v. Mutch,* 97 Ala. 196; *Decatur Co. v. Mehaffe,* 128 Ala. 255; 20 A. & E. Ency. of Law, (2 Ed.) 176; *Steele v. May,* 135 Ala. 483.

HARALSON, J.—The appeal presents alone for review the action of the court in sustaining a demurrer to the second count of the complaint, which averred in substance that the defendant's railroad crossed a public highway in the town of Clanton, on grade therewith; that plaintiff was in a wagon drawn by a team of horses on said highway, at or near said crossing; that the team became frightened and ran away, and as the proximate consequence thereof, plaintiff was thrown or caused to fall from said wagon, and was badly and permanently injured in a manner therein described, and his horses and wagon were greatly injured.

It is then averred that at that time there was in force and effect, an ordinance of the town of Clanton, which provided that any person or railroad or other corporation, which blocks up or unnecessarily obstructs any portion of any public street, side-walk or highway with locomotives, cars, or other like commodity, for more than

five minutes at a time, or permits the same to stand in any such street, side-walk or highway, for more than five minutes at a time, so as to prevent the free passage of persons and vehicles over and along such street, side-walk or highway, must on conviction be fined for each offense not less than one nor more than one hundred dollars.

It is then alleged that said team became frightened and ran away, causing the infliction of said injuries and damages to the plaintiff, by reason and as a proximate consequence of the violation of said ordinance by the servant or agent of defendant in charge or control of said engine, acting with the line and scope of his authority as such, as follows, to-wit: "Said servant or agent of said Louisville & Nashville Railroad Company, in violation of said ordinance, permitted the said locomotive engine to stand in said highway so as to prevent the free passage of plaintiff and his said wagon over and along said highway for more than five minutes at that time."

It will be observed that the causal connection between plaintiff's injuries and damage, and the offense or negligence of defendant, is contained in the words just quoted above from the complaint. To this count the defendant demurred, on the ground that it fails to show any causal connection between the alleged violation of the ordinance set out in said count and the injury complained of, and fails to show how a violation of said ordinance in any way rendered the defendant liable for the injury alleged to have been sustained by plaintiff.

Before the passage of this ordinance, it was not an unlawful act for the company, in the proper operation of its railroad, to stop its engine or train at the crossing of a street or highway of its track. Nor is it any offense for it now to be done, provided, it does not obstruct the crossing for more than five minutes at a time. The ordinance has no application to the company, except in the latter event. Mr. Elliott says: "It may, perhaps, be laid down as a general rule that the enactment of a penal

statute does not establish a new liability aside from the penalty denounced by the statute itself. In other words, a penal statute cannot ordinarily be regarded as the foundation of a new right of action in addition to that prescribed, and the best reasoned cases hold that the only new liability arising from the neglect of such purely statutory duty is for the prescribed penalty."—2 Elliott on Railroads, § 711. Again, he says, in the same section: "There is, however, much conflict among the authorities as to how far the violation of these statutory duties should be deemed to constitute negligence. * * * It is generally held, and this we regard as the true doctrine, that the element of proximate cause must be established, and that it will not necessarily be presumed from the fact that an ordinance or statute has been violated. Negligence, no matter in what it consists, can not create a right of action unless it is the proximate cause of the injury complained of by the plaintiff."

Still again he says: " That in order to warrant a finding that negligence, or an act not amounting to a wanton wrong, is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence, a wrongful act, and that it was such as might or ought to have been forseen in the light of the attending circumstances."

"To constitute actionable negligence there must be not only causal connection between the negligence complained of and the injury suffered but the connection must be a natural and unbroken sequence."—16 Am. & Eng. Ency. Law (1st Ed.) 436.

Mr. Wharton says, "that a person is expected to guard against all reasonable consequences, but that he is not by the law of England, expected to anticipate and guard against that which no reasonable man would expect to occur. If the wrong and the legal damage are not known by common experience to be usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, the wrong and the dam-

age are not sufficiently conjoined or concatenated, as cause and effect, to support an action."—Wharton's Law of Negligence, § 78.

"The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred."— Shearman & Redfield on Law of Negligence, § 26; *Western Ry. of Ala. v. Mutch*, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; *L. & N. R. R. Co. v. Quick*, 125 Ala. 553, 28 South. 14; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 382, 8 South. 798.

From the foregoing principles and authorities sustaining them, it can scarcely be said that the causal connection between the act of the defendant and the injury plaintiff received is set out in the second count. The count as to this causal connection, goes no further than to aver in a very general way,—as the quotation from it above shows,—that plaintiff suffered said injuries and damage, by reason and as a proximate consequence of the violation of said ordinance by the servant or agent of defendant, acting in the scope of his authority. Proceeding, the count sets out the mode or manner of his violation thereof by adding,—"as follows, to-wit, said servant or agent of said Louisville & Nashville Railroad Company, in violation of said ordinance, permitted the said locomotive engine to stand in said highway so as to prevent the free passage of the plaintiff and his said wagon over and along said highway for more than five minutes at said time." This is no more than declaring that the violation of said ordinance in the general manner averred, conferred a legal right on the plaintiff to recover without alleging and proving any causal connection whatever, between the injury received by plaintiff and the act of defendant in violating the ordinance. As we have said, the act of stopping and starting the engine, in a proper manner, at and from the crossing, was before the passage of the ordinance a usual and generally an innocent act.

18

Now, the same act is counted on as conferring on plaintiff a right to recover damages for the injuries he received, without averring how the act of defendant caused plaintiff's injuries. There must have been something done by defendant's servant, to cause the plaintiff's team to run away, and what this act was, as an efficient cause for plaintiff's injuries, and it ought to have been averred. If the count had alleged, that in consequence of the unnecessary "blowing off of steam" and "unusual noise" of the engine, the team was frightened and made to run away, inflicting the injuries complained of, a different case would have been presented.—*Stanton v. L. & N. R. R. Co.*, 91 Ala. 382, 8 South. 798. We are unable to hold, that, in the shape the count is presented, the demurrer to it was not properly sustained.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.

*Action for Damages for Injuries to Wife.*

