# Reaves *v.* Anniston Knitting Mills.

*Action by Parent for Injury to Minor Employe.*

(Decided Feb. 6, 1908.    45 South. 702.

1. *Master and Servant; Minor Employes; Dangerous Work; Duty to Instruct.*—The duty is on the master to instruct an inexperienced minor employe respecting the dangers incident to the employment while at work or in going to and returning from such work, whether such employe be engaged with or without the parent's consent; and if injuries proximately result from a negligence failure to perform this duty the master is liable both to the minor and to the parent.

2. *Parent and Child; Loss of Service; Right of Action.*—Where a parent consents to the employment of a minor in violation of the statute such parent cannot recover for services lost to it through injury to such child under any and all circumstances, because of the violation by defendant of the statute, notwithstanding the General Acts 1903, page 68, prohibits the employment in factories of children under ten years of age.

3. *Same; Pleading; Presumption.*—In the absence of an averment to the contrary, and construing a pleading most strongly against the pleader, it will be presumed that plaintiff consented to the employment, where the parent sues for injury to a minor employed in contravention of the provisions of the General Acts of 1903, page 68.

[Reaves v. Anniston Knitting Mills.]

4. *Same; Causal Connection.*—A complaint by parent for injury to child under ten years of age grounded upon a violation of the provisions of the General Acts of 1903, page 68, is insufficient if it fails to show a causal connection between the alleged wrong and the injuries complained of.

5. *Appeal; Review; Record.*—Rulings on demurrers to the original counts cannot be reviewed where the record fails to set out the original counts, but sets out only the amended counts.

6. *Same.*—Where the record does not disclose any action by the trial court on demurrers, this court will not review the demurrers.

7. *Parent and Child; Minor Employes; Action for Injuries; Contributory Negligence.*—A plea setting up that the parent knowingly permitted the minor to go unprotected among defendant's machinery knowing the place to be dangerous, etc., is not sufficient to show such contributory negligence as will defeat plaintiff's right to recover for injury to such minor, based upon the employer's failure to instruct her as to the danger of the employment.

8. *Negligence; Contributory Negligence; Proximate Cause.*—To be available as a defense the contributory negligence set up must be at least a concurring proximate cause of the injury.

9. *Evidence; Former Judgment by Next Friend.*—Under the issues in this case as made by a joinder in the special plea it was competent for defendant to show a former judgment by the present plaintiff as next friend of the injured minor against this defendant.

10. *Master and Servant; Injury to Servant; Evidence.*—In an action for injury to a minor grounded on defendant's failure to instruct servant as to the dangers of an employment, it was competent for defendant to show by an adult employe that the foreman of defendant told her that if the minor employe came to work with witness that witness must keep such minor at the machine with witness or send her home.

11. *Damages; Parent and Child; Injury to Child.*—In an action by parent for injury to a child the damages recoverabel are compensatory and the parent may not recover punitive damages or damages for his own mental suffering.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Personal injury action by W. P. Reaves against the Anniston Knitting Mills, for injury to his minor child. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The substance of the pleadings is set out in the opinion of the court, except special pleas 10 and A, which were as follows: "(10) Defendant says that said W. P. Reaves consented to said Ida L. Reaves' employment

[Reaves v. Anniston Knitting Mills.]

by defendant, and he thereby consented to accept any risk naturally incident to the work, whether the risk was known to him or not; and said Ida Reaves' injuries arose from a risk naturally incident to the work she was engaged in." "(A) That for the injuries to said Ida Reaves set out in said complaint said Ida Lee Reaves, by her next friend, W. P. Reaves, instituted suit against this defendant in the circuit court of Calhoun county, Ala., for $20,000 and at the spring term, 1905, recovered a judgment against this defendant in the circuit court of Calhoun county for the same injuries to her mentioned in said complaint, in the sum of $2,000 besides the costs in said suit, which judgment of $2,000 this defendant had paid to W. P. Reaves, as next friend of Ida L. Reaves, and has also paid all costs in said suit. Wherefore this defendant pleads said judgment and the payment thereof in bar of this suit." There was judgment for defendant, and plaintiff appeals. On cross-examination the defendant asked the witness Marjorie Locke, "Didn't you testify on a former trial, and is it not true that Mr. Pruitt, the foreman, told you that if Ida Lee came in to work with you that you would have to keep Ida Lee with you at the machine or you would have to send her home?" Objection being overruled, the witness answered, "Yes."

TATE & WALKER, for appellant. The court erred in sustaining demurrer to the 2nd count of the complaint.—*Ala. Min. Co. v. Marcus*, 128 Ala. 355; *Brazil Coal Co. v. Caffney*, 4 L. R. A. 850. The 5th count stated a good cause of action.—*Willy v. Mullady*, 34 Am. Rep. 536; *Gothard v. A. G. S.*, 67 Ala. 120; *Gray v. Mobile Trade Co.*, 55 Ala. 387; *Williams v. Southern Ry. Co.*, 143 Ala. 212; *Green v. Dayton Coal Co.*, 30 L. R. A. 82. Count 8 was good against demurrer.—Lebatt Master & Servant,

Vol. 1, Sec. 270, and note, with authorities there cited. The 7th count was good.—*Hardy, et al. v. The Bank,* 15 Ala. 722. Demurrers to the 1st and 2nd special pleas should have been sustained.—*Thompson v. Duncan,* 76 Ala. 334; *Montgomery Gas Co. v. R. R. Co.,* 86 Ala. 372; *North Bir. Ry. Co. v. Calderwood,* 88 Ala. 247. Where the consent of the parent is denied, contributory negligence of the child is not a defense in a suit by the parent.—*Williams v. S. & N. R. R. Co.,* 91 Ala. 635; *Brazeal Coal Co. v. Caffney, supra.* The court erred in not sustaining plaintiff's objection to questions propounded to the witness Locke.—*M. & C. R. R. Co. v. Ashcraft,* 48 Ala. 15; *Smith v. Flag,* 46 Ala. 624; 60 Ala. 214. The fact that Ida Lee Reeves had recovered a judgment for the same injury, and that the defendant had paid the same, was improperly shown in this action.—*Beasley v. Watson,* 41 Ala. 234; *Watts v. Steele,* 19 Ala. 656; *Alston v. Alston,* 34 Ala. 15; *Greenwood v. Coleman,* 34 Ala. 150. The court erred in the part of the oral charge excepted to.—*Buube v. Bir. R. L. & P. Co.,* 140 Ala. 276; *Marbury L. Co. v. Westbrook,* 121 Ala. 179; *L. & N. R. R. Co. v. Brown,* 121 Ala. 221. Increased dangers caused by the negligence on the part of the employer are not to be deemed incident to the business.—*Anglin v. T. P. R. R. Co.,* 23 U. S. App. 62; *George v. Clark,* 56 U. S. App. 08; *B. & O. C. R .R. Co. v. Rowan,* 104 Ind. 88; *Pantzar v. Tilley Foster Iron Mining Co.,* 99 N. Y. 376.

J. J. WILLETT, for appellee. The court properly sustained demurrers to count 2.—*Woodward Iron Co. v. Cook,* 124 Ala. 353; *Dimmick Pipe Works v. Wood,* 139 Ala. 285; *A. G. S. v. Burgess,* 116 Ala. 610. The demurrer to the 6th count was properly sustained.—*Ensley Merc. Co. v. Otwell,* 38 South. 839; 7 A. & E. Ency. of Law, 373, and authorities cited. The error, if any ex-

isted, in refusing to strike special pleas 3 and 10, is not properly shown.—*U. S. R. S. Co. v. Wier*, 96 Ala. 401. Pleas 1 and 2 were not subject to demurrer.—*Pratt Coal Co. v. Brawley*, 83 Ala. 371; *A. G. S. v. Burgess, supra; Woodward I. Co. v. Cook, supra; Dimmick P. Wks. v. Wood, supra.* There being verdict for the defendant, the fact that the court's charge was erroneous as to the measure of damages is not available to plaintiff.—*Pulliam v. Schimpf*, 109 Ala. 179, and authorities supra. The court cannot review the charges 9, 10, 11 and 12 in the record, as they are not sufficiently identified.—*Parsons v. Woodruff*, 73 Ala. 248. On the authorities cited in this brief above, the court did not err in its refusal to give plaintiff charges or in giving those requested by the defendant.

DOWDELL, J.—This is an action by the father to recover damages for injuries received by his minor child because of the alleged wrongful and negligent acts of the defendant. The complaint contained eight counts, to which demurrers were interposed. The court overruled the demurrer to the first, third, fourth, and sixth counts, and sustained them as to the second, fifth, seventh, and eighth. After ruling on demurrers, the seventh and eighth counts were amended. On the issues submitted to the jury a verdict was returned in favor of the defendant, and from the judgment rendered on this verdict the present appeal is prosecuted by the plaintiff.

The first assignment of error on the record complains of the ruling of the trial court in sustaining the demurrer to the second count of the complaint. The gravamen of this count is the negligent failure of the defendant to instruct the plaintiff's child, who was a minor, inexperienced and immature, relative to the dangers incident to

the employment while at work, or in going to and from her work. This duty was one that rested on the defendant, whether the child was employed with or without the parent's consent, and the negligent failure to perform it, being the proximate cause of the injury, would furnish a good cause of action to both the parent and child; the recoverable damages, however, in some respects varying in the two cases.—*Ala. Mineral R. R. Co. v. Marcus,* 128 Ala. 355, 30 South. 679. The cause of action as stated in the count being predicated on the negligent failure to perform this duty, the averments in respect to the dangers incident to the employment were sufficiently certain, and the count was, therefore, not subject to the demurrer on the grounds specified, and the court erred in sustaining the same.

In the fifth count, to which a demurrer was sustained and here assigned as error, the cause of action is based solely on an alleged violation of the statute in employing the minor child of plaintiff to work in its factory. The averment is: "The defendant, in violation of the laws of the state of Alabama, employed to work and did work in its factory Ida Lee Reaves, a daughter of the plaintiff, who was then and is now a minor between the ages of 9 and 10 years," etc. While the act approve February 25, 1903 (Gen. Acts 1903, p. 68), provides that a child under 10 years of age shall under no circumtances be employed about a factory or manufacturing establishment, and fixes a penalty for a violation of the statute, it does not follow that a father may maintain an action under any and all circumstances to recover for services lost to him by reason of an injury to his minor child, resulting from a violation of the statute. If he consents to the employment in violation of the law, he will not be permitted to profit by his own misconduct. Count 5 does not negative that the employment was with the

knowledge and consent of the plaintiff, the father; and, following the familiar rule of construing the pleading against the pleader, it will be taken that the plaintiff consented to the employment of his minor child.—*Woodward Iron Co. v. Cook*, 124 Ala. 354, 27 South. 455. The count was open to the ground of demurrer raising this question. This count, moreover, was faulty in another respect. It fails to show any causal connection between alleged wrong and the injuries complained of.—*Ensley Mercantile Co. v. Otwell*, 142 Ala. 575, 38 South. 839, and authorities there cited. See, also, *Wilson v. L. & N. R. R. Co.*, 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987.

Counts 7 and 8 are only set out in the record as amended, and not as originally filed, and as amended the demurrers to these counts were overruled. The counts as originally filed not being set out, we decline to consider the rulings on the demurrers to them.

The state of the record as to the pleadings and the rulings thereon is not free from confusion. To the complaint pleas were filed designated "first," "second," and "third," and in connection therewith special pleas, numbered in the same manner, from "first" to "tenth," inclusive; also special plea A. Demurrers were interposed to the "third" plea, and to all of the special pleas except special plea A. The record fails to show any action by the court on the demurrer to either the "third" plea or the tenth special plea. The judgment entry shows demurrers overruled as to the first and second special pleas, and sustained as to the other special pleas, from the third to the ninth, inclusive; thus leaving it where we can only consider appellant's (plaintiff below) assignments of error to the action of the court in overruling the demurrers to the first and second special pleas. The first count of the complaint, to which both of these

pleas were addressed, averred an employment by the defendant of plaintiff's minor child, and that the said minor was inexperienced and unacquainted with the dangers incident to the employment and the work to which she was assigned, and then charges the failure of the defendant to instruct her and advise her as to the dangers, and as a consequence of such failure to instruct she was injured. The cause of action, it is to be observed, is predicated on the failure of the defendant to perform a duty imposed by law springing out of the employment, and a failure to perform which, with a knowledge of the facts and circumstances averred, constituted actionable negligence. As hereinbefore stated, it is unimportant whether the employment was with or without the consent of the parent. The duty was the same. In neither of said pleas is the employment denied, nor the failure of the defendant to advise and instruct; but in each the defense of contributory negligence is sought to be set up in the averment that the plaintiff knowingly permitted his minor child to go "unprotected into the knitting mill and among the machinery of the defendant, which he knew was a dangerous place for a child to go, for the purpose of assisting her older sister," etc. In order for the plaintiff's negligence to be available as a defense under the plea of contributory negligence, the negligence must be at least a concurring proximate cause of the injury.—*North Birmingham Street Ry. Co. v. Calderwood,* 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105; *Montgomery Gas Co. v. Railway Co.,* 86 Ala. 372, 5 South. 735; *Thompson v. Duncan,* 76 Ala. 334. The facts averred in the pleas as constituting plaintiff's negligence in reality only served to create a condition or status on which the alleged negligence of the defendant operated in producing the injury. The plaintiff's demurrers should have been sustained to these two pleas.

The record shows that, among other pleas, issue was joined on special plea 10 and special plea A. Under the issues as framed it was competent for the defendant to show the recovery had by him as a next friend of the minor in a former suit. This was made an issue under special plea A.

There was no error in overruling the objection to the question propounded by the defendant to the witness Marjorie Locke on her cross-examination.

In a case like the present one, where the parent sues for injury to his minor child, the rule as to recoverable damages is stated in the case of *Bube v. Birmingham Ry., L. & P. Co.,* 140 Ala. 276, 37 South. 285, 103 Am. St. Rep. 33.

What we have said, we think, will serve sufficiently to guide upon another trial, without further extending this opinion by considering in detail all of the assignments. The questions we have considered seem to be the controlling ones in the case. For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.