# Lacy-Buek Iron Co. *v.* Holmes.

*Action for Death of Employe.*

(Decided Dec. 16, 1909.—51 South. 236.)

1. *Master and Servant; Injury to Servant; Complaint.*—Where the action was for the death of a servant by being knocked from a car, coming in contact with a beam over the track which is alleged to have been caused by the negligence of the engineer in starting the train without giving the servant warning. it was also necessary to allege the duty on the engineer to give such warning.

2. *Same.*—Where the action was for the death of an employe by being knocked from a car on coming in contact with a beam over the track, the count alleging that the engineer in charge of the train negligently failed to ring the bell or blow the whistle on said locomotive or to otherwise give warning that he was ready 'or about to start the train, was subject to demurrer in that it alleged in the alternative that the engineer failed to ring the bell or blow the whistle or otherwise give warning.

3. *Same; Necessity of Giving Signal.*—The requirements of section 5473, Code 1907, are intended to conserve the safety of the public having the right or likely to be on the right of way of the railroad, and not ordinarily for the protection of an employe at work on a train.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Dora E. Holmes, administratrix, against the Lacey-Buek Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 2 of the complaint is as follows: "The plaintiff, Dora E. Holmes, as administratrix of the estate of C. R. Holmes, deceased, claims of the defendant, Lacey-Buek Iron Company, a corporation, the sum of $10,-000 damages, for that heretofore, to wit, on the 10th day of April, 1905, the plaintiff's intestate was regularly in the service or employment of the defendant at Trussville, in the county of Jefferson, state of Alabama, as foreman of the crew of men working at the defendant's coal washer, and while her intestate was in the exercise of his employment as such foreman it became his duty to accompany his crew of men and some railroad cars which had been loaded with refuse at the defendant's coal washer to the dump for the purpose of unloading the said cars, and that preparatory to accompanying his crew and the said cars to the dump he boarded one of said cars, which were to be hauled to the dump by the defendant's locomotive on a railroad operated by the defendant; and the plaintiff avers that while her intestate was on said car, in the discharge of his duty, and immediately after the engineer of defendant's locomotive had started said cars on their way to the dump, he was knocked off of said car by a brace of a shed which extended over the defendant's railway and over the car on which he was standing, and was run over by one of said cars and received injuries as a proximate result of which he died on, to wit, the 12th day of April, 1905; and plaintiff alleges that the injury which resulted in the death of her intestate was proximately caused by reason of the negligence of a person in the service or employment of defendant, to wit, one Will Akers, who had charge or control of defendant's

locomotive on a railway which was being operated by the defendant, and who was the engineer on defendant's said locomotive, and that said negligence consisted in this, viz., said Akers started the said cars, upon one of which the plaintiff's intestate was standing, and negligently failed to ring the bell or blow the whistle on said locomotive, or to otherwise give warning of the fact that he was ready and about to start said cars, which caused the plaintiff's intestate to be struck by said brace and run over by one of said cars, and to receive injuries as a proximate consequence of which he died as aforesaid."

The following demurrers were interposed: "(1) It is not alleged or shown that it was the duty of said person to ring the bell or blow the whistle on said locomotive, or to otherwise give warning of the fact that said cars were to be started. (2) The necessity for warning plaintiff's intestate is not therein shown. (3) It is not alleged or shown that plaintiff's intestate was ignorant of the fact that said cars were about to be started. (4) For aught that appears, plaintiff's said intestate was in charge of the crew which operated said cars. (5) For aught that appears, plaintiff's intestate was himself superintendent over the cars and persons working thereon. (6) No facts are alleged which show that it was the duty of said person to warn plaintiff's intestate of the starting of said cars. (7) For aught that appears therein, plaintiff's intestate knew that the brace of said shed would strike him if said cars were started, and nevertheless assumed a dangerous position on said cars with reference to said brace. (8) It does not appear therefrom with sufficient certainty that plaintiff's intestate's death was caused proximately by reason of the negligence of the person in the service or employment of defendant who had charge or control of a locomotive, car, or train upon a railway."

[Lacy-Buck Iron Co. v. Holmes.]

TILLMAN, GRUBB, BRADLEY & MORROW, and CHARLES E. RICE, for appellant.—The court erred in overruling appellant's demurrer to the 2nd count.—*Ala. S. & W. Co. v. Griffin*, 42 South. 1038; *Woodward I. Co. v. Curl*, 44 South. 973. The court should have given the general charge as to the count as the statute was intended for the protection of the public and not for employes, and if it be conceded that the engineer did not give the signal, his failure to do so was no more than simple negligence.— *G. P. R. R. Co. v. Lee*, 92 Ala. 270; *L. & N. v. Webb*, 97 Ala. 310; *A. G. S. v. Lynn*, 103 Ala. 138. Besides, the proof showed conclusively that he was guilty of contributory negligence in assuming the position he did on the car with knowledge of the circumstances and surroundings.—*M. & O. v. George*, 94 Ala. 218; *Southern Ry. Co. v. Reeder*, 44 South. 701; *A. G. S. v. Roach*, 110 Ala. 271; *L. & N. v. Orr*, 91 Ala. 554; *Mothershed's Case*, 97 Ala. 258. It was not the engineer's duty to warn Holmes that the train was about to start.—*L. & N. v. Hall*, 87 Ala. 718; *R. R. Co. v. Houston*, 95 U. S. 697; *Bir. R. L. & P. Co. v. Oldham*, 141 Ala. 199; *Ga. Pac. v. Ross*, 100 Ala. 492. The affirmative charge as to the 11th count should have been given.—*Johnson v. Bir. R. L. & P. Co.*, 43 South. 36, and authorities there cited.—*Bush's Case*, 122 Ala. 486. It was the duty of Holmes to exercise a reasonable care to select a safe place on the train, and the court erred in refusing the charge asserting such to be the law.—Authorities supra. That Holmes had no right to rely on the custom of the engineer to blow the whistle before starting the train, see case of.—*Martin v. C. of Ga.*, 138 Ala. 531.

C. F. WINKLER, and BOWMAN, HARSH & BEDDOW, for appellee.—Counsel discuss the demurrers to the second count of the complaint in the light of the Griffin and

Curl cases relied on by appellant, and conclude that those cases are unsound and should be overruled. They insist that the court did not err in refusing the general charge as to the second count, and cite in support of their contention. that Holmes was not guilty of negligence in assuming the position he occupied on the train: —*Bir R. L. & P. Co. v. Brantley,* ·141 Ala. 619; *Bir. R. L. & P. Co. v. Jackson,* 136 Ala. 286; *Southern Ry. v. Shirley,* 128 Ala. 595; *C. of. Ga. v. Foshee,* 125 Ala. 218; *A. G. S. v. McWhorter,* 47 South. 84. They insist that it was the engineer's duty to warn Holmes that the train was about to start.—*Sweet v. Bir. R. L. & P. Co.,* 136 Ala. 116. The court did not err in refusing the affirmative charge as to the 11th count.—*Southern Ry. Co. v. Shelton,* 136 Ala. 191; *Southern Ry. Co. v. Bush,* 122 Ala. 486; *Bir. R. & E. Co. v. Smith,* 121 Ala. 355. The defendant was not entitled to the affirmative charge upon the whole case, and the court properly refused charge 6.—81 Minn. 496.; 26 Cyc. 1233. Counsel discuss the motion for a new trial, but without citation of authority.

MAYFIELD,. J.—Plaintiff sues under the employer's liability act (Code 1907, § 3910) for the wrongful death of her intestate. The complaint alleges that intestate was before, and at the time of, his death, employed by defendant as foreman of its coal-washer crew; that the slate and refuse matter washed from the coal was by defendant's train crew carried from the washer, in ordinary railroad cars propelled by a railroad locomotive, to a point 300 yards distant, and there dumped, so as to be out of the way of the washer and plant. The train, however, appears to have been operated by a different crew, with which intestate had no connection. Intestate's crew loaded and unloaded these cars, but

had nothing to do with the operation of the train. It appears that, in going from the washer to the dump to unload, intestate's crew usually rode on the loaded cars, though it was optional with them whether they would ride or walk. Intestate, while riding on one of these cars from the washer to the dump was knocked off the car by coming in contact with a brace or beam which extended partly across the track, at a height of about 5 1-2 feet above the tops of the gondola cars in which the material or matter was loaded. The main acts of negligence relied upon for a recovery were those of the engineer in charge of the train on which intestate was riding.

The first error insisted upon is the overruling of defendant's demurrer to the second count of the complaint. This count declares under subdivision 5 of the employer's liability act. The negligence or wrong relied upon is alleged to have been that of the engineer in charge of the train, in that he "negligently failed to ring the bell or blow the whistle on said locomotive, or to otherwise give warning that he was ready and about to start said cars." This count is insufficient in that it failed to show a duty on the part of the engineer to warn the intestate that he was ready to move the train. It is also bad in that it alleges in the alternative that the engineer failed to "ring the bell" or "blow the whistle, or "to otherwise give warning."

This was clearly an attempt to charge the engineer with a failure to perform the statutory duties required by section 5473 (3440) of the Code of 1907. This section of the Code has been held by this court not to apply to cases like the one under consideration. It was intended to conserve the safety of the public—those having the right and likely to be upon the right of way of the railroad. Ringing the bell or blowing the whis-

tle could be of no possible service to those on board the cars, who are there for the purpose for which and in the manner that defendant was on the train in question, as shown by this complaint.—*Martin's Case,* 138 Ala. 531, 36 South. 426. We do not mean to decide that facts could not be alleged which would impose a duty upon the engineer to have warned intestate of the starting of the train, and make the defendant liable for the injury the result of his failure to perform that duty. But such facts are not alleged or shown in this complaint, and the statute referred to does not apply to the facts which are set forth therein. The count should state facts out of which duty springs, and allege a failure to perform that duty and an injury in consequence thereof. Its sufficiency must be determined on the facts as alleged, from which the legal duty is deduced. It should show a duty on the part of defendant to do or not to do that of which it complains.—*Chewning's Case,* 93 Ala. 24, 9 South. 458; *L. & N. R. R. Co. v. Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Stanton's Case,* 91 Ala. 382, 8 South. 798; *Hall's Case,* 87 Ala. 708, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84.

We deem it unnecessary to pass upon other assignments of error. What is said above will probably be a sufficient guide on another trial. The judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, ANDERSON, and McCLELLAN, JJ., Concur.