# Birmingham Belt Railway Co. v. Drake.

*Injury to Licensee.*

(Decided June 30, 1911. 56 South. 53.)

1. *Railroads; Operation; Injury; Complaint.*—A complaint alleging that while plaintiff was on the premises of a gin company and engaged in the business of its employment, and while defendant was operating a car on the spur track running into the gin company's premises through a gate, the car struck the gate and as a proximate consequence thereof, the gate fell upon plaintiff, injuring him, and that the injuries were caused proximately by the negligence of the defendant in and about the control, management and operation of the car, sufficiently charged that plaintiff was injured by defendant's actionable negligence while lawfully ' on the gin company's premises and acting within the scope of his employment.

2. *Negligence; Actionable.*—Actionable negligence is the failure to discharge a legal duty owing to the person injured, and can be sustained only by proof of three elements. 1st, a duty owing by defendant to plaintiff. 2nd. Breach thereof, and 3rd. Injury in consequence of such breach.

[Birmingham Belt Railway Co. v. Drake.]

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Ernest E. Drake against the Birmingham Belt Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count of the complaint is as follows: "Plaintiff claims of the defendant $5,000 as damages, for that heretofore, to wit, on the 8th day of September, 1908, while the plaintiff was upon the premises of the Continental Gin Company, in Avondale, Jefferson county, Alabama, and engaged in or about the business of the said Continental Gin Company, and while defendant was operating a car propelled by an engine upon the track, to wit, a spur or switch track running into said premises through a gate, said car struck said gate, or the post to which the same was attached, and as a proximate consequence thereof said gate or post was caused to strike or fall upon or against plaintiff, and plaintiff was (here follows allegation of plaintiff's injuries and special damages resulting therefrom). Plaintiff avers that said gate or post was caused to strike or fall upon or against plaintiff, and plaintiff suffered said injuries and damages, by reason and as a proximate consequence of the negligence of the defendant in or about the management, control, or operation of said car."

Demurrers were as follows: "(1) The averment of negligence is naught but the conclusion of the pleader. (2) It is not made to appear, save by way of conclusion, that defendant violated any duty it owed plaintiff. (3) It is not specifically averred that plaintiff was rightfully at the place of the injury. (4) It is not averred, save by way of inference, that plaintiff was at the time of his said alleged injury acting within the scope of his employment. (5) For aught that appears from said count, plaintiff was at the time of his injury a volun-

teer or trespasser.   (6) The averments of said count are not sufficient as a count charging wanton or intentional injury."

CAMPBELL & JOHNSTON, for appellant.  The court should have sustained demurrer to the 1st count of the complaint.—*Gadsden U. Ry. Co. v. Julian,* 133 Ala. 373; *Lacey-Buek I. Co. v. Holmes,* 51 So. 236; *L. & N. v. Holland,* 51 So. 365; *L. & N. v. Marbury,* 125 Ala. 237; *Chewning's Case,* 93 Ala. 24.  The charges requested should have been given.—*Lacey-Buek I. Co. v. Holmes, supra.*

BOWMAN, HARSH & BEDDOW, for appellee.  The court properly overruled demurrer to the complaint.—*So. Ry. Co. v. Williams,* 143 Ala. 212; *K. C. M. & B. v. Sanders,* 98 Ala. 307; *A. G. S. v. Chapman,* 80 Ala. 615; *Armstrong v. Mont. St. Ry. Co.,* 123 Ala. 244; *So. Ry. v. Burgess,* 143 Ala. 364.  The court did not err in refusing the charge.—*Chamberlain v. So. Ry.,* 159 Ala. 177.

PER CURIAM.—The first assignment of error insisted upon is that the court erred in overruling defendant's demurrer to the first count of the complaint.  The reporter will set out this count, and the demurrer thereto, in his report of the case.

The count was not subject to any of the grounds of demurrer.  It alleged that plaintiff, at the time of the injury complained of, was upon the premises of the Continental Gin Company, engaged in the business of such company, and that defendant company was operating a railroad, and that it entered the premises of the said gin company through a gate, and that it so negligently managed or operated the railroad that its train or cars struck the gate or the post to which the gate was fastened, knocking the gate down and against the plaintiff,

and injuring him in the manner particularly alleged. While the negligence is alleged in very general terms, it is sufficient when considered in connection with all the other facts alleged.

All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that the negligence relied upon is actionable. If pleadings as to negligence show a duty owed by the defendant to the plaintiff, and a breach of that duty to the damage or injury of plaintiff, very general averments of negligence will suffice. As is often said, they need be but little more than conclusions; but the duty and its breach must be shown. Merely alleging that a given act was negligence, or was negligently done, without more, is not sufficient. Such pleadings may allege negligence; but the trouble is it is not in such cases "actionable negligence."

"Actionable negligence" has been defined by the Supreme Court of Alabama to be: "The failure to discharge a legal duty to the person injured. If there is no duty, there is no actionable negligence. Even if the defendant owes a duty to some one else, but does not owe it to the person injured, no action will lie. The duty must be to the person injured."—*Southern Railway Co. v. Williams,* 143 Ala. 217, 38 South. 1013. In every action grounded solely on negligence, there are three essential elements to a right recovery: First, a duty owing from defendant to plaintiff; second, a breach of that duty; and, third, an injury to plaintiff in consequence of that breach. The rule has been thus clearly and sufficiently formulated by the Supreme Court of Indiana (*Faris v. Hoberg,* 134 Ind. 269, 33 N. E. 1028, 39 Am. St. Rep. 265): "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the

part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient."

The count here in question affirmatively shows that the plaintiff was neither a trespasser nor a licensee upon the track of the defendant at the  time of the injury, and shows a duty owing plaintiff from defendant not to negligently injure him, and a breach of that duty, in that defendant so negligently operated its train or cars as to cause the gate to fall upon and injure plaintiff. This is sufficient, under the rules of pleading negligence long since established by this court. It fully conforms to the rule announced in the cases of *Lacey-Buck Co. v. Holmes,* 164 Ala. 96, 51 South. 236, and *L. & N. R. R. Co. v. Holland,* 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25, relied upon by appellant. The defendant certainly owed the Continental Gin Company, and its servants, agents, and those rightfully upon its premises, the duty not to so negligently operate its train through the gate as to injure them. The complaint unquestionably brings the plaintiff within this protection, and alleges a breach of that duty and injury in consequence thereof. If it was the duty of some one other than the defendant to see that the gate was kept open while defendant's trains were passing through, or to see that the space was ample for the safe passage of its trains, it was matter for special defense, and need not be negatived in the complaint.

It is next insisted that the general affirmative charge should have been given for the defendant as to this

[Southern Railway Co. v. Bentley.]

count. There is evidence in this record from which the jury could infer every material allegation of the complaint, which fact would render improper the giving of the general affirmative charge for the defendant.

These being all the assignments of error insisted upon, or made, it follows that the judgment appealed from must be affirmed.

Affirmed.

NOTE.—The foregoing opinion was prepared by Mr. Justice Mayfield, of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.