# Kitchens v. Elliott.

*Action on the Case to recover Damages for Injury to a Horse.*

1. *Action on the case; injury caused by vicious horse; sufficiency of complaint.*—In an action on the case, a count of the complaint which alleges that the defendant owned or kept a horse which was vicious and accustomed to do mischief, and having notice of said horse's mis-

[Kitchens v. Elliott.]

chievous disposition failed to secure or keep him, and the said horse escaped and worried and chased a colt belonging to plaintiff, thereby causing plaintiff's mare, the mother of said colt, to run away, to the damage of the plaintiff, states a substantial cause of action, and is not subject to demurrer upon the grounds that the damages claimed were not the natural and proximate result of the alleged wrong.

2. *Same; same; sufficiency of proof.*—The allegation in such complaint that the defendant had knowledge of the alleged vicious and mischievous disposition of the horse is essential to the plaintiff's recovery; and in the absence of any evidence tending to prove such allegation, there can be no recovery on said count, and the defendant is entitled to the general affirmative charge thereunder.

3. *Same; violation of city ordinance; special damages; sufficiency of complaint.*—In an action on the case, where a complaint alleges that the defendant, who owned a horse accustomed to do mischief, wrongfully permitted him to run at large in the streets of a city, in violation of the city ordinance, and that while said horse was running at large, he chased a colt belonging to plaintiff, thereby causing the colt's mother, owned by plaintiff, to run away with a wagon hitched to her, breaking the wagon and injuring herself, and that thereby the plaintiff lost the use of his said mare for thirty days, was compelled to buy medicine for her, and that she was greatly depreciated in value by said injuries, to plaintiff's damage, &c., the allegations of such complaint show that the plaintiff was specially injured and that the damages claimed were the natural and proximate result of the breach of the city ordinance by the defendant, which was not shared in by the public at large, and the complaint is, therefore, sufficient, and not subject to demurrer upon the ground that the damages claimed were too remote and not the proximate result of the defendant's alleged wrong.

4. *Same; same; sufficiency of plea.*—A plea to such a complaint, that the ordinance, which the defendant was alleged to have violated, was not being enforced at the time the alleged wrong was committed, presents no defense and is bad.

5. *Same; same; admissible evidence.*—In an action on the case to recover damages for injuries, where the allegations of the complaint as to special damages sustained by the plaintiff are sufficient, evidence introduced to prove the suffering of special damages is relevant and admissible.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JOHN C. CARMICHAEL, Special Judge.

This was an action brought by the appellee, James H. Elliott, against the appellant, J. M. Kitchens. The complaint contained two counts, which were as follows: 1st. "The plaintiff claims of the defendant the sum of fifty

dollars damages, for that heretofore on, to-wit, the 5th day of August, 1895, the defendant was the owner or keeper of a horse which was vicious, mischievous and accustomed to do mischief, and the said defendant, having knowledge of such mischievous disposition of said horse, did fail to safely and securely keep said horse, and the said horse escaping did worry and chase a colt belonging to the plaintiff, thereby causing a mare of plaintiff, the mother of said colt, to run away, being hitched to a wagon, to the damage of plaintiff as aforesaid."

2d. "The plaintiff claims of the defendant the further sum of fifty dollars for that heretofore on, to-wit, the 5th day of August, 1895, the defendant was the owner of a horse which was prone and accustomed to do mischief, and the defendant did wrongfully permit said horse to run at large on the streets, avenues or alleys of the city of Jasper, while in said city of Jasper there was an ordinance declaring it to be unlawful for any horse to run at large on the streets, avenues or alleys, and while so running at large said horse did fret, worry and chase a colt belonging to plaintiff, thereby causing a mare belonging to plaintiff, being the mother of said colt, to run away with the wagon being hitched thereto, breaking said wagon and injuring said mare otherwise by a broken shaft or other broken parts of said wagon being thrust into her, by reason of said injuries plaintiff lost the use of mare for, to-wit, thirty days, and by reason of said injuries plaintiff was compelled to buy medicine for said mare and was obliged to administer said medicine and doctor said mare for a long time, to-wit, thirty days, and the said mare was then and there greatly depreciated in value by reason of said injuries to the great damage of plaintiff as aforesaid."

To each count of the complaint the defendant demurred upon the grounds: 1st. That said damages claimed are too remote, and were not the natural and proximate result of the alleged wrong. 2d. That the allegations of the complaint fail to show that the defendant's horse did any injury to the plaintiff or his property. 3d. That the complaint shows that the plaintiff's mare injured herself.

The defendant also moved to strike from the second count of the complaint the following portions thereof, upon

the ground that the damages therein claimed were too remote and were not the proximate result of the defendant's alleged wrong : "And the said mare was then and there greatly depreciated in value by reason of said injuries." "And was obliged to administer said medicines and doctor said mare for a long time, to-wit, thirty days." "And by reason of said injuries plaintiff was compelled to buy medicines for said mare." "And by reason of said injuries plaintiff lost the use of said mare for, to-wit, thirty days." "And injuring said mare otherwise by a broken shaft or other broken part of said wagon being thrust into her." "Thereby causing a mare belonging to plaintiff, being the mother of said colt, to run away with the wagon being hitched thereto." "Breaking said wagon." Each of these demurrers and motions were overruled, and the defendant separately excepted to each of such rulings. The defendant pleaded the general issue, and the following special pleas : "2d. Contributory negligence, by plaintiff allowing his colt to run at large on the streets of Jasper in violation of the city ordinance set up in the second count of the complaint. 3d. Contributory negligence, in that plaintiff unlawfully permitted said colt to run at large. 4th. Comes the defendant and for further answer to the second count of the complaint says that the said ordinance was not enforced in the city of Jasper at the time the alleged wrong was committed by defendant. 5th. For further answer to the second count of said complaint defendant says that his said damages to the mare and wagon arose from plaintiff's own negligence, which proximately contributed thereto, because he says, that plaintiff was negligent in holding said mare, and if he had not been so negligent the injury would not have occurred to his mare and wagon."

To the 4th plea the plaintiff demurred upon the ground, that it undertakes to set up as a defense to this action a failure to enforce a public statute, the failure to enforce which can not be charged to the plaintiff. This demurrer was sustained. To the 2d plea the plaintiff filed a replication admitting the ordinance referred to therein, but denied that the colt was running at large. Upon the other pleas issue was joined.

The plaintiff's evidence tended to show that on the 5th day of August, 1895, the plaintiff, who was residing

[Kitchens v. Elliott.]

in the city of Jasper, Alabama, hitched up his mare to his own wagon and drove down the streets of Jasper to another portion of the town to a foundry for some iron; that while driving along said streets his mare's colt, about three months' old, was following along after his mother; that a horse belonging to defendant, which was running loose in the streets of said city, took after said colt and he (Elliott) threw chips from his wagon at the horse, and thought it was gone; that he drove up to the foundry and heard a nickering, and when he got out of the wagon, said horse got in between said colt and its mother and chased it away; and that then the mare jerked loose from plaintiff and took after the horse and colt as hard as she could go with the wagon hitched to her, from which resulted the injuries complained of.

Upon the plaintiff offering to introduce evidence to prove that the mare was damaged by the injuries to the extent of fifty dollars, the defendant objected to the introduction of such proof, upon the ground that the damages were too remote. The court overruled this objection, allowed the proof to be made, and the defendant duly excepted. Plaintiff then introduced in evidence an ordinance of the city of Jasper which was in words and figures as follows: "Section 101. Horses and mules at large on the streets.—It shall be unlawful for any horse or mule to run at large on the streets, avenues or parks or alleys of the city of Jasper, and any person, having the custody or control of such animal, permitting the same to run at large in violation of this section, on conviction shall not be fined less than one nor more than one hundred dollars."

Upon the plaintiff offering to introduce evidence to prove the several special damages alleged in the complaint, the defendant separately objected to the proof of each of the alleged damages, upon the ground that the damages sought to be proven were too remote. The court overruled each of the objections, and to these several rulings the defendant separately excepted.

Among the charges asked by the defendant, and to the refusal to give each of which he separately excepted, were the following: (1.) "If the jury believe the evidence, they can only assess nominal damages against the defendant." (2.) "If the jury believe the evi-

dence, the plaintiff can not recover under the first count of the complaint.''

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

COLEMAN & BANKHEAD, for appellant.—1. The first count of the complaint alleged that the defendant's horse was mischievous, and that the defendant knew this fact. It was, therefore, necessary to prove such allegations.—*Smith v. Causey*, 22 Ala. 568; *Strouse v. Leipf*, 101 Ala. 433 *Garlick v. Dorsey*, 48 Ala. 220; *Durden v. Barnett*, 7 Ala. 169. In pleading, the rule is that no allegation descriptive of the identity of that which is legally essential to the claim or charge can ever be rejected as surpluage.—*Rogers v. Jones*, 51 Ala. 353; 4 Encyc. of Plead. & Prac., 610; 1 Greenl. on Evidence, § 56. A needless description of an animal must be proven as alleged.—1 Bishop's New Crim Law, §§ 485-486; 488, subdiv. 5. And this rule applies as well to civil as to criminal cases.—*McGehee v. State*, 52 Ala. 224.

2. The second count alleges that defendant's horse was prone or accustomed to do mischief. This was a description of the horse. It was necessary to allege that the damage was caused by a horse. The city ordinance only covered a horse or a mule. And being necessary to allege that it was a horse, no allegation descriptive of the identity of the horse could be rejected as surplusage. *Rogers v. Jones*, 51 Ala. 353; 4 Encyc. of Plead. & Prac. 610; 1 Greenl. on Evidence, § 56.

3. The defendant is liable only for damages which proximately result from his wrong, unless his act is *malum in se*, or is capable of being presumed in law to have been willful, or unless on examining the claim of causation, no other proximate cause appears; supposed intervening causes being found merely conditions or occasions and not efficient causes.—16 Amer. & Eng. Encyc. of Law, 434-6. Was the defendant's act the proximate cause of the injury? Proximate cause may be defined as that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which that result would not have occurred.—*Milwaukee &c. R.*

[Kitchens v. Elliott.]

*Co. v. Kellogg*, 94 U. S. 469 ; 16 Amer. & Eng. Encyc. of Law, 436.

T. L. Sowell, *contra.*—1. The demurrers to the complaint were properly overruled. The damages claimed were not too remote, but were the proximate result of the wrong complained of.—1 Amer. & Eng. Encyc. of Law, (2 ed.), 465 ; *Barnes v. Chapin*, 81 Amer. Dec. 710 ; *McDonald v. Snelling*, 14 Allen (Mass.) 290 ; *Lane v. Atlantic Works*, 111 Mass. 136 ; *Goodman v. Gay*, 53 Amer. Dec. 589 ; *Elliott v. Kitchens*, 111 Ala. 546.

2. In cases of tort not involving malice, damages may be recovered, not merely for the direct consequences, but for such indirect results as might reasonably be expected to ensue by a person of ordinary intelligence, or in other words, for all natural consequences of the wrongful act.—5 Amer. & Eng. Encyc. of Law, p. 6, § 3 ; *McDonald v. Snelling*, 14 Allen (Mass.) 292.

3. The weight of authority seems to hold that if the animal was a tresspasser, or was wrongfully in the place where the mischief was done, that it is not necessary to allege or prove a *scienter* on the part of the owner of the vicious propensity of the animal.—*Angus v. Radin*, 8 Amer. Dec. 626 ; *Van Leuven v. Lyke*, 49 Amer. Dec. 346. The owner of domestic animals, if they are wrongfully in the place where they do mischief, is liable for it, though he had no notice that they had been accustomed to do so before, and it is not necessary to allege or prove any knowledge on the part of the owner that they had previously been vicious. And even if the vicious habits of the horse is alleged in the declaration to have been known to defendant, this allegation was not necessary and may well be treated as surplusage.—*Decker v. Gammon*, 69 Amer. Dec. 99 ; *Lyons v. Merrick*, 105 Mass. 71.

HEAD, J.—The demurrer to the first count of the complaint was manifestly bad.

The question is raised, on this appeal, by demurrer to the second count of the complaint, and by several other methods, whether the said second count, which relies for recovery upon the breach by the defendant of the city ordinance therein set up, in suffering his horse to run at large in said city, shows a valid cause of action against the defendant for the injury which was done to

[Kitchens v. Elliott.]

plaintiff's mare and colt by the horse while so running at large. It is contended, in substance, by the defendant, that the said count fails to show that the plaintiff suffered any special injury which was the natural and proximate result of the breach by the defendant of the public ordinance, and that without such special injury the plaintiff has no cause of action. The position, in effect, is, that in so far as the count shows, the plaintiff, directly and proximately, sustained no other injury than such as was shared by the public at large.

It is undoubtedly true, that where the wrongful act complained of consists in the violation of a public statute or ordinance, a plaintiff, suing for such wrongful act, has no cause of action, unless he shows, by proper allegation, that he did sustain special damage by reason of the breach, not shared in by the public at large. The principle is the same as obtains in the law of public nuisance. If one commits a public nuisance, no one can sue the wrong-doer for damages resulting therefrom, except such as he shows resulted specially and peculiarly to him, as the natural and proximate consequence of the nuisance.

The wrong complained of here is the violation of the ordinance. The special damage claimed is the injury done by the loose horse to the plaintiff's mare and colt, and no other. The question then is, was such damage the natural, probable and proximate result of the breach of the ordinance?

We may state, as of judicial knowledge, that the purpose of the adoption of this ordinance was to prevent depredations and injuries and annoyances which horses running at large in the city might, and naturally would, inflict upon the persons and property of others, lawfully in the streets; chief among which is the frightening of other animals in use upon the streets, causing them to do damage. These are matters of common knowledge which the courts will not ignore. Hence, a party violating the ordinance, does so with knowledge that one of its natural and probable consequences may be, that his horse, so unlawfully running at large, will frighten other horses and cause them to inflict personal and special injury to the persons or property of others. The result is, that the second count of the complaint sufficiently shows that the plaintiff proximately sus-

[Kitchens v. Elliott.]

tained special damage by reason of the breach of the ordinance; and we are of opinion that the several measures of damage, stated in the said count, come within the principle. The demurrers to the second count, as well as the motions to strike certain parts thereof, were properly overruled.

The fourth plea was manifestly bad, and the demurrer to it was properly sustained.

The several objections of the defendant to proof of the special damage alleged in the complaint were properly overruled.

We are compelled to hold that the second charge requested by the defendant (which was the general affirmative charge on the first count) ought to have been given. The bill of exceptions contains all the evidence, and there is none whatever tending to prove that the defendant had knowledge of the alleged vicious and mischievous disposition of the horse. This was an essential allegation and without proof of it, there could be no recovery under the first count.

It is a question whether the general affirmative charge on the whole complaint, requested by the defendant, ought not to have been given. We have seen the fatal defect of proof of the first count. The second count alleges that defendant's horse was prone and accustomed to do mischief. It is insisted that this is descriptive of the animal which did the injury—descriptive of one of the means by which the injury was done. In many decisions of this court it has been held that allegations which are descriptive of the offense or wrong or the means by which it was committed, though unnecessary to have been made, yet being made, are required to be proved. There is no proof of the allegation in question. As the judgment must be reversed for another error, we will leave the question as now presented, in this case, undecided. It will not likely arise on another trial.

Reversed and remanded.