# Fielder *v.* Tipton.

*Action for Damages for Personal Injury by Being Run Into by a Bicycle.*

(Decided Dec. 20th, 1906.  42 So. Rep. 985.).

*Municipal Corporation; Use of Sidewalks; Personal Injury.*—A person riding a bicycle on a sidewalk is responsible in damages to any pedestrian who is injured thereby, while in the proper exercise of his rights, although there is no ordinance prohibiting the riding of bicycles on the sidewalk, and a complaint which alleges that the plaintiff was injured by being run into by the defendant who was riding a bicycle on a sidewalk in the city is sufficient, without any other allegation of negligence.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Frankie Tipton against John W. Fielder. From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

The third count is in the following language: Plaintiff claims of the defendant the further sum of $1,000, for that heretofore, to-wit, the 25th day of April, 1903, said plaintiff avers while on the sidewalk on State street, at a point between Joachim and Conception street, and as a pedestrian on said sidewalk, the de-

[Fielder v. Tipton.]

fendant, who was at said time and place riding a bicycle, did then and there run said bicycle upon and against the plaintiff thereby greatly injuring her, so that she became in consequence thereof sore, sick and unable to attend to her affairs. (Here follows a lot of special damages.) And plaintiff avers that the said sidewalk was in the city of Mobile, and defendant was riding his said bicycle thereon at the time when he ran into her. The demurrers are set out in the opinion. The charges of the court refused to the defendant not being discussed in the opinion are not here set out. There was judgment for plaintiff in the sum of $45.00.

ROBERT E. GORDON, for appellant.—There is neither a state nor a municipal law making it unlawful to ride a bicycle upon the streets of Mobile at the point where the collision occurred. It is not unlawful under the common law to ride a bicycle on the streets or sidewalks.—*Lee v. City of Port Huron*, 55 L. R. A. 308; *Purple v. Greenfield*, 138 Mas. 381. The court erred in the part of the general charge excepted to.—*Lee v. City of Port Huron, supra.* The court erred in refusing to give charge 6.—*Matson v. Maupin*, 75 Ala. 312; *Harold v. Jones*, 86 Ala. 278. The court erred in refusing charge 10.—Beach on Contributory Negligence, p. 47; 1 Sherman and Redfield on Negligence, (4th Ed.) p. 16.

RICKARBY & DUNLAP, and W. S. ANDERSON, for appellee.—A bicycle is a vehicle.—*Mercer v. Corbin*, 117 Ind. 450, 10 Am. St. Rep. 76; *Knouff v. Logansport*, 26 Ind. App. 202, 84 Am. St. Rep. 292; *Davis v. Petrinovich*, 112 Ala. 654.

Sidewalks are for pedestrians only.—*Mercer v. Corbin, supra;* Note to *Riepe v. Elting*, 48 Am. St. Rep. at 377; Clementson's Road Rights and Liabilities of Wheelmen, p. 147; Elliott on Roads and Streets, (2nd Ed.) p. 927.

Riding on sidewalks is negligence per se.—Same cases last cited. As sidewalks are for pedestrians only,

[Fielder v. Tipton.]

a city has no right, in the absence of delegated author-ity, to grant away the exclusive rights of pedestrians thereto.—*Perry v. N. O., M. & C. R. R. Co.*, 55 Ala. 421; *Jones v. Williamburg*, 49 L. R. A. 298; *Davis v. Petrinovich, supra; Castello v. State*, 108 Ala. 45.

The word "regulate" as used in the charter of the city of Mobile means to restrict rather than to enlarge —*U. S. v. Harris*, 26 Fed. Cas. at page 193.

Any ambiguity or doubt arising out of the terms used by the legislature must be resolved in favor of the pub-lic.—*City of Eufaula v. McNabb*, 67 Ala. 588; *Minturn v. Larue*, 64 U. S. (23 Howard) 435; Lewis' Souther-land's Statutory Construction, Vol. 2nd, Sec. 551.

SIMPSON, J.—This was an action for damages on account of injuries claimed to have been received by the plaintiff (appellee) on a sidewalk in Mobile, from being run against by the defendant (appellant) while riding on a bicycle along said sidewalk. The assign-ments of error are to the rulings of the court on de-murrers to counts of the complaint and to giving and refusing charges.

The third count of the complaint, as amended, avers that complainant was on the sidewalk as a pedestrian, and that the defendant, riding on a bicycle, ran the same on and against her, thereby causing the injury and that "defendant was riding his said bicycle thereon at the time when he ran into her." The demurrer to this count alleges as grounds: (1) That it does not allege any facts which would constitute negligence; (2) does not show that defendant was negligently riding his bicycle; (3) does not allege that the injury was due to the negligence of the defendant; (4) that it is not neg-ligent per se to ride a bicycle on the sidewalk. The ar-gument of appellant to show that the court erred in overruling the demurrer to the third count of the com-plaint as amended is that, as there was no ordinance of the city prohibiting persons from riding on the side-walk in question, the defendant had the right to be there, and consequently that it was necessary to allege some other act of negligence than the mere riding of the bicycle on the sidewalk. The case of *Lee v. City of*

*Port Huron,* (Mich.) 87 N. W. 637, 55 L. R. A. 309, was a case in which a bicycle rider sued for damages for injuries received on account of a defect in the sidewalk; and the court said that the riding of a bicycle on the sidewalk is not an unlawful act at common law, and that one riding on a sidewalk "with care, under authority of a municipal ordinance," may recover for injuries resulting from the want of repair of the sidewalk; but the court intimates that such want of repair must be such as would render it not reasonably suited for the uses for which sidewalks are constructed, to-wit, for pedestrians, and that he could not recover for any other, such as a crack between the planks of a plank sidewalk. The case of *Purple v. Greenfield,* 138 Mass. 1, 7, was one in which the plaintiff stepped back to avoid a boy riding on a velocipede, and fell into a cellar window hole, and the court say: "We cannot lay it down as a universal proposition that any and every use of any kind of velocipede upon the sidewalk is unlawful."

On the other hand, the authorities sustain the proposition that a bicycle is a "vehicle," and that its proper place is upon the highway, or the street proper, and not upon the sidewalk.—Elliott on Roads and Streets (2d Ed.) § 852, p. 927; Clementson on Road Rights and Liabilities of Wheelmen, §§ 99, 103, pp. 90, 94; *Davis v. Petrinovich,* 112 Ala. 654, 21 South. 344, 36 L. R. A. 615. It has also been held that, even without a statute, one who rides a bicycle at night without a light or other signal on a public thoroughfare is guilty of negligence. —*Cook v. Fogarty,* (Iowa) 72 N. W. 677, 39 L. R. A. 488. In a case wherein the Supreme Court of Indiana held that one who rudely and recklessly ran a bicycle against another, who was standing on the sidewalk, was guilty of an assault and battery, regardless of his intent, the court remarks that the bicycle is a vehicle, and its use on a public sidewalk is unlawful; also that "sidewalks are intended for the use of pedestrians, and not for the use of persons in vehicles. * * * It would be a palpable contradiction to affirm that footmen have the exclusive right to the use of the sidewalks, and yet concede that persons, not traveling as pedestrians may

also rightfully use them.—*Mercer v. Corbin,* 117 Ind. 450, 454, 20 N. E. 132, 3 L. R. A. 221, 10 Am. St. Rep. 76. In a case which was very maturely considered, and in which a number of authorities are cited, the Supreme Court of New Jersey has held that a person who was kicked by a horse which was being led along the sidewalk was entitled to recover, without regard to the fact as to whether the horse was known to be vicious, on the ground that the party defendant had no right to lead the horse along the sidewalks, and the cases therein cited sustain the proposition that it is not necessary to allege any special negligence, other than the mere fact of leading the horse on the sidewalk.—*Healey v. Ballantine,* (N. J. Sup.) 49 Alt. 511, 512, 514. Messrs. Sherman & Redfield, in their work on Negligence (3d Ed. § 310), in referring to the case of a person traveling on the wrong side of a road, say: "He assumes the risk of all experiments in this direction, and is bound to use more care, and to keep a better lookout for approaching vehicles, than would otherwise be required of him; while those who pass him on their proper side of the road have a right to presume that no greater caution or skill will be required on their part than would be necessary if he were on his own side of the road. By an unnecessary deviation from his proper side of the road, he takes the risk of the consequences which may arise from his inability to get out of the way of another traveler approaching on the right side of the road."

In the light of these authorities, and in accordance with the reason of the law, we think it is clear that the pedestrian has a right to the uninterrupted use of the sidewalk, and is not required to exercise any more care in walking thereon than such as is necessary to avoid injuries from other pedestrians walking thereon; the question of the repair of the sidewalk not being involved. On the other hand, the person riding a bicycle has no right to the use of the sidewalk, and while it may be true that such use is tolerated by the failure to affix a penalty thereto, yet, when a person rides a bicycle on a sidewalk, he is invading the part of the street set apart for the use of pedestrians, and takes upon him-

[Crowley v. City of West End, et al.]

self the risk of injuring them, so as to be responsible to any pedestrian who is injured, while in the proper exercise of his rights in coming upon or waking along the sidewalk. Consequently the allegations of the third count of the complaint as amended were sufficient, and the court committed no error in overruling the demurrer.

Without entering into the question as to whether the city has the right to allow bicycles to be ridden on the sidewalks, the ordinance introduced in evidence does not definitely authorize the riding of a bicycle on any sidewalk, except between the hours of 12 o'clock midnight and 7 a. m. The defendant himself testified that he was traveling at the rate of 4 or 4 1-2 miles per hour; that "he was familiar with the oyster shop from which plaintiff stepped, and knew that persons were constantly going in and out, as he passed along there four times every day"; also, that it was impossible for him to turn in time to have avoided striking her, after he saw her. Under the rules above laid down, the court would have been justified in giving the general charge in favor of the plaintiff. Hence the defendant was not injured by any charge given by the court.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.

*Action for Damages for Personal Injury.*

