# American Bolt Co. v. Fennell.

*Action for Damages for Injuries Received From Team.*

(Decided Dec. 17, 1908.   48 South. 97.)

1. *Municipal Corporation; Use of Street; Sidewalk; Complaint.*—A complaint which alleges that while plaintiff was walking on the sidewalk of a public street, where he had the right to be, he was struck from behind by a team driven by defendant's servant and run over, and that his injuries were due to the negligence of defendant's servant, is good against demurrer as for failure to show a violation of duty toward plaintiff, or that defendant was guilty of any negligence

[American Bolt Co. v. Fennell.]

in regard to it, or for not alleging that the sidewalk was for the exclusive use of pedestrians; that fact being implied, and plaintiff being entitled to the uninterrupted use of the sidewalk.

2. *Same; Complaint; Negligence.*—The allegation that while plaintiff was walking along the public highway, he was injured by the negligence of defendant's servant in driving mules, was a sufficient allegation of negligence.

2. *Same; Use of Streets; Relative Rights of Pedestrians and Vehicles.*—Pedestrians and vehicles have equal rights in the street, and each should recognize the rights of the other, and it is the duty of drivers of vehicles to keep their teams under such control as not to injure pedestrians who are properly on the street.

4. *Same; Negligent Use; Proximate Cause.*—An allegation that defendant's servant so negligently drove the mules that by reason of the negligence one of them struck plaintiff, and that the negligence proximately caused his injury, is a sufficient statement of the causal connection between the negligence and the injury.

5. *Negligence; Contributory Negligence.*—Contributory Negligence is a matter of defense and need not be negatived by the complaint.

6. *Master and Servant; Injury to Third Person; Pleadings; Construction.*—A complaint alleging that the servant, while acting within the scope of his duty, so carelessly drove and managed the mule that by reason of his negligence, one of them struck plaintiff, knocking him down, etc., does not mean that it was within the scope of the servant's duties to run over plaintiff, but means that while acting within the scope of his duty in driving the team, he did his duty so negligently as to cause injury.

7. *Evidence; Opinion.*—Evidence as to whether it was negligence to strike the mules under the circumstances of this case was not admissible since the issue of negligence was for the jury to determine, and expert testimony was not necessary to determine whether it was negligence to strike a mule since the nature of the animal and the effect of striking it is common knowledge.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Ed Fennell against the American Bolt Company. From a judgment for plaintiff, defendant appealed. Affirmed.

Complaint was as follows: "(1) Plaintiff claims of defendant the sum of $5,000 as damages for this, to wit, that heretofore, on, to wit, the 15th day of February, 1907, about 5 o'clock in the afternoon, the plaintiff was proceeding on foot on the sidewalk, where he had a right to be, along Thirty-Second street, from First avenue towards Fifth avenue, in Jefferson county, Ala.,

according to the map and plan of the city of Birmingham, and when plaintiff had proceeded a short distance from First avenue he was struck from behind by a team of two mules drawing a heavy dray, owned by the American Bolt Company, in charge of defendant's servant, who was driving said team, acting within the line and scope of his duty, whose surname was Howard, but whose Christian name was unknown to the plaintiff. Plaintiff avers that he was knocked down by said team, and run over by the front and rear wheels of said dray, and his leg was broken between the knee and ankle; and plaintiff avers that by reason of the above he suffered great bodily pain, and experienced great physical and mental suffering, and was put to large expense for medicine and medical attention, and the care of the physician in trying to effect a cure, and was confined to his bed; and plaintiff avers that he was knocked down and run over, and his said injuries received by reason of, and as a proximate consequence of, the negligence of defendant's servant in allowing said team to run over plaintiff." (2) Same as 1, down to and including the words "confined to his bed," with this additional averment: "And plaintiff avers that he was so knocked down and run over, and his said injuries received by reason of, and as a proximate consequence of, the negligence of defendant's servant, in charge of said team, in and about the driving of said team." (4) Same as 1 down to and including the words "confined to his bed," with the following: "That plaintiff was knocked down and run over, and received his said injuries, by reason of, and as a proximate consequence of, the negligence of defendant's servant, in charge of said team, in and about the management of said team." "(x) Plaintiff claims of defendant the sum of $5,000 as damages for this, to wit, that on the 15th day of February, 1907, plaintiff was

walking along the public highway near the city of Bir-
mingham, Ala., along a street known as Thirty-Second
street, near First avenue; that defendant was a proprie-
tor of a dray and two mules, which were then passing
along said highway in the possession of one Howard
Fowler, defendant's servant, who was driving the team;
that said Howard, defendant's servant, acting within the
line and scope of his duty, so carelessly drove and man-
aged said mules and dray that by reason of his negli-
gence said mules, or one of them, struck the plaintiff,
knocking him down, and one of the front and rear
wheels of said dray ran over him, or over his leg, and
his leg was broken, whereby plaintiff was bruised, and
made sick and sore, and confined to his bed and was for
a long time prevented from attending to his business, and
was put to great expense in endeavoring to be healed of
his hurts in the way of medicine and medical attention,
and in the employment of a physician, and he suffered
great bodily pain, and experienced great physical and
mental suffering; and plaintiff avers that his said inju-
ries are of a permanent nature, and that he will be less
able to earn money. Plaintiff avers that said negligence
of said servant of defendant, said Howard Fowler, prox-
imately caused plaintiff's said injury." Plaintiff
amended his first count by inserting before the words
"and when plaintiff had proceeded" this clause: Which
said street, at and prior to the time of plaintiff's said
injury, was habitually used by the public as a highway,
a portion of said streets being for vehicles, and along
the same the sidewalk being used by pedestrians."

Demurrers were interposed to the first count, "because
(1) that it does not show that defendant violated any
duty it owed plaintiff, or that it was guilty of any neg-
ligence towards plaintiff; (2) It does not show that,
when plaintiff was injured, defendant's team and mules

or dray were not where they had a right to be; (3) it is not shown that defendant's team and dray had not the right to be on the sidewalk along which plaintiff was proceeding. 'No facts are alleged showing negligence." To the second count the same as to the first with the additional grounds that it is not shown in what the negligence consisted, and was not shown how defendant's servant was guiding said team. To the fourth count, the same grounds as to the third, and the additional grounds that it is not shown what was the management of the team by defendant's servant, and because the allegation of management was a conclusion. To count x, "because it appears that the alleged negligence of defendant driver was not the proximate cause of the injury; (2) because it does not appear that plaintiff was in the exercise of due care; (3) it appears from said count that the act complained of was the wrong of the servant, for which defendant was not liable; (4) for that it appears that it was in line with the man Howards' employment, while driving defendant's team, to knock down and run over plaintiff, which is not actionable negligence."

WARD & RUDOLPH, for appellant. No relation whatever existed between appellant and appellee and the counts should have alleged facts from which a duty to plaintiff arose.—*Chewning's Case*, 93 Ala. 24; *City Council of Montgomery v. Gilmer*, 33 Ala. 116; *Ins. Co. v. Moog*, 78 Ala. 264; 14 Cyc. P. & P. 331-3. Under the averments of the count the driver had a right to suppose that plaintiff would get out of the way.—*Carrington v. L. & N. R. R. Co.*, 88 Ala. 472. There is no facts stated showing a negligent management of the team.—*Montgomery v. A. G. S.*, 97 Ala. 303. The demurrers to the 5th count should have been sustained.—*M. & C. R.*

*R. Co. v. Martin,* 117 Ala. 307; *Gilliam v. S. & N. R. R. Co.,* 70 Ala. 263; 107 Ala. 271. Causal connection between the negligence and injury must be shown.—*L. & N. v. Felton,* 112 Ala. 533. The injury resulted from intervening causes.—*Williams v. Wizard I. Co.,* 106 Ala. 254; 8 A. & E. Ency of Law, 573; 92 Am. Dec. 718; 36 Am. St. Rep. 802, and note; 23 Am. St. Rep. 193; 94 Ala. 194. As to a runaway horse, see.—38 Am. St. Rep. 833; 31 Paige, 480; 16 Ind. 510. The court's attention is called to the following cases.—*Matson v. Maupin & Co.,* 75 Ala. 312; *Carter v. Chambers,* 79 Ala. 223.

W. K. TERRY, for appellee. The case should be affirmed on the following authorities.—*Fielder v. Tipton,* 42 South. 985; Elliott on Roads & Streets, 624 and 631; *City Del. Co. v. Henry,* 34 South. 289; *Ferguson v. Hubbell,* 49 Am. Rep. 544; *Hames v. Brownlee,* 63 Ala. 277; *Landers v. L. & N.,* 135 Ala. 504; *Eureka Co. v. Bass,* 8 South. 216.

SIMPSON, J.—The action in this case was brought by the appellee against the appellant for damages on account of injures received from being run over by a team of mules, drawing a dray, belonging to the defendant. The general affirmative charge was given, as to the third and fifth counts of the complaint, in favor of the defendant, leaving only the first, second, and fourth counts, and count x, for consideration.

It is insisted, first, that the demurrer should have been sustained to the first count of the complaint, because said count does not show that the defendant violated any duty which it owed to the plaintiff. The count alleges that plaintiff was walking on the sidewalk of Thirty-Second street, a public street and highway of the city, where he had a right to be, when he was struck by defend-

ant's team, and that it was the result of the negligence of defendant's servant, in charge of said team, in allowing said team to run over him. Pedestrians have a right to the uninterrupted use of the sidewalk, and the said count is not subject to the demurrer.—*Fielder v. Tipton,* 149 Ala. 608, 42 South. 985, 8 L. R. A. (N. S.) 1268.

For like reasons the demurrer to the second count in the complaint was properly overruled, as was also the demurrer to the fourth count. It was not necessary to allege that the sidewalk was for the use of pedestrians only, as the law affixes that use to a sidewalk.—*Fielder v. Tipton, supra;* Elliott on Roads & Streets, p. 17. Moreover, the amendment did allege that the sidewalk was for the use of pedestrians.

Under our decisions, the general statement of negligence in count x was sufficient, and, if the plaintiff was not exercising proper care, that was a matter of defense. The plaintiff and the defendant had equal rights in the street, and, while the sidewalk is the place for pedestrians alone, yet pedestrians have the right also to walk across or along the streets, and it is the duty of both pedestrians and travelers by vehicle to recognize the right of each to be upon the street, and it is the duty of travelers by vehicle to keep the same under control, so as not to injure pedestrians in the proper exercise of their rights.—*Kathmeyer v. Mehl* (N. J. Sup.) 60 Atl. 40; *Hennessey v. Taylor,* 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345; Elliott on Roads & Streets, p. 622.

The causal connection between the negligence and the injury is sufficiently shown by the allegations of said count, and there is no merit in the suggestion that the allegation that the defendant's servant was "acting within the line and scope of his duty" means that it was within the line and scope of his duty "to run over and

knock down appellee." That expression means simply that, while acting within the line and scope of his duty —to wit, driving the dray in the business of the master —he performed that duty so negligently and carelessly as to cause the injury.

There was no error in sustaing the objection to the questions to the witnesses as to whether it was negligence to strike the mules in order to urge them across the track. The question of negligence vel non was for the jury to determine on the facts related, and not on the opinions of others. Besides, it does not require any ex· pert testimony to tell whether it is negligence to strike a mule. The nature of the animal, and the relation of lashes to his good behavior, are matters of common knowledge to the jury as well as to any witness.—*Ferguson v. Hubbell,* 97 N. Y. 507, 49 Am. Rep. 544.

There was no error in overruling the motion for a new trial.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ.. concur.

