(86 South. 541)

## ALABAMA FUEL & IRON CO. v. BUSH.
### (6 Div. 112.)

(Supreme Court of Alabama. Oct. 21, 1920. Rehearing Denied Nov. 18, 1920.)

**1. Pleading ⊚➡16—Rules of pleading stated.**

Matter pleaded, or facts alleged, must be sufficient in law to avail the pleader and must be alleged or deduced according to the forms of law.

**2. Action ⊚➡1—Cause of action made up of duty and breach.**

A cause of action is made up of a duty and its breach.

**3. Pleading ⊚➡8(8)—Duty pleaded by allegation of facts and breach by way of conclusion.**

The duty and breach constituting the cause of action must be pleaded by alleging the facts showing the relationship from which the duty springs, but a breach of the duty may be averred by way of a conclusion.

**4. Negligence ⊚➡1—Simple negligence injuring person not trespasser actionable.**

Where a person is injured while on a public highway, or while rightfully on the land of the person who inflicts the injury, or while on land of a third person whether rightfully or wrongfully, the person whose simple negligence causes injury is liable therefor.

**5. Negligence ⊚➡110—Pleading duty to exercise care sufficient.**

In personal injury action, allegations that plaintiff was not a trespasser on defendant's land, but that plaintiff had a right to be where he was when injured, is a sufficient pleading of defendant's duty to use due care not to injure plaintiff, as against a demurrer which does not specify as a ground of objection that the allegations are indefinite or state a conclusion.

**6. Pleading ⊚➡205(5)—That allegation is indefinite or states a conclusion not available on general demurrer.**

That allegations are objectionable on the ground of indefiniteness or as being conclusions cannot be taken advantage of by demurrer not specifying such ground of objection; such defects being mere defects of form.

**7. Negligence ⊚➡110 — Averment of locus in quo of injury must state facts showing duty.**

The locus in quo of an injury may be, according to the circumstances alleged, a part of the averments of facts showing defendant's duty to plaintiff not to injure or permit his injury, in which case the facts averred must show such duty.

**8. Negligence ⊚➡113(7) — Pleading held to negative trespass.**

Allegation that plaintiff was "on or near said public highway where she had a right to be," in count describing such public highway as one "customarily in use by the public in passing through property of defendant by permission of defendant," held to sufficiently plead that plaintiff was not a trespasser on defendant's property.

**9. Negligence ⊚➡76—"Trespasser" defined.**

One is none the less a trespasser on premises because the owner is not at home, or is in the street or is a trespasser on the premises of a third person at the time of his negligence.

**10. Animals ⊚➡70—Knowledge of vicious disposition imposes duty to keep under control.**

The keeper or owner of a domestic animal, who knows such animal is vicious or accustomed to do violence must safely and securely keep and control such animal so that it cannot inflict injury to the person or property of others.

**11. Witnesses ⊚➡268(2) — Cross-examined as to whether "skittishness" was not common to mules held proper.**

In action for injuries to girl struck by runaway mules involving issue of whether owner had knowledge of vicious propensities of the mules, where witness had testified that the mules were "kind of skittish, and wanted to run," refusal to permit cross-examination as to whether disposition of mules described as "skittish" was that common to mules in general in the community held reversible error.

Appeal from Circuit Court, Jefferson County; D. A. Green, Judge.

Action by Pearl Bush, pro ami, against the Alabama Fuel & Iron Company, for damages for personal injuries. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The counts as amended are as follows:

Count 1. Plaintiff claims of the defendant the sum of $5,000 for that heretofore on, to wit, the 7th day of May, 1918, the defendant's servant or agent while acting within the line and scope of his authority was driving a wagon and team owned by the defendant along a public road at or near the defendant's mine in Acton, Ala., and the said defendant's servant or agent, whose name is otherwise unknown to plaintiff, did so negligently drive and mismanage said team that he allowed said team to get out from under his control; said team ran away and also ran over Pearl Bush, the plaintiff, a little girl who was about 12 years of age, while she was at a well drawing water where she

had a right to be. [Here follows catalogue of injuries.] Plaintiff avers, as a proximate consequence of the defendant's servant's or agent's said negligence while acting in the line and scope of his authority, the plaintiff was injured as aforesaid, which made plaintiff sick and sore, suffered great mental anguish and physical pain, was put to great expense in and about effecting a cure, etc.

Count 3. Plaintiff claims of the defendant the sum of $5,000 for that, to wit, heretofore, to wit, on the 7th day of May, 1918, the defendant company was the owner of a wagon to which was hitched a team of mules which was then and there at or near Acton in Shelby county, Ala., on or without easy access of a highway, customarily in use by the public in passing through property of defendant by permission of defendant, in charge of one of the defendant's servants or agents, and that while said wagon and mules were so in his charge, and while being within the line of his duty, the said servant negligently allowed said team to get from under his control, and, being from under his control, ran away, and struck the plaintiff, who was at the time on or near said public highway, where she had a right to be and who is about, to wit, 12 years of age, knocked her down, hurt her about her head, face, body, back, limbs, and ankles, injured her clothing, and injured her internally, caused her to be sick and sore, and to suffer great mental anguish and physical pain, and plaintiff avers that said injuries are of a permanent nature. The plaintiff avers that she received her said injuries as the result of and as the proximate consequence of the negligence of defendant's said servant or agent in negligently allowing said team to be from under his control, all to the damage of plaintiff, as aforesaid, and hence this suit.

Percy, Benners & Burr, of Birmingham, for appellant.

Complaint was subject to demurrers interposed. 171 Ala. 251, 55 South. 170; 222 Pa. 362, 71 Atl. 539, 23 L. R. A. (N. S.) 171; 149 Ala. 529, 43 South. 33. Counsel discuss the assignments of error relative to evidence, but without citation of authority.

W. T. Stewart and W. K. Terry, both of Birmingham, for appellee.

The counts were sufficient. 158 Ala. 629, 48 South. 362, 20 L. R. A. (N. S.) 958; 111 Miss. 589, 71 South. 865; 158 Ala. 485, 490, 48 South. 97; 83 Ala. 515, 3 South. 522; 102 U. S. 577, 26 L. Ed. 235. Counsel discuss other assignments of error, but cite no further authority.

THOMAS, J. The action was for personal injury under count 1, as amended, and count 3. Demurrers to said counts being overruled, defendant filed a plea of general issue in short by consent, with leave to plaintiff to reply. B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 143, 77 South. 565. The reporter will set out said counts.

[1-3] Cardinal rules of pleading are that the matter pleaded or facts alleged must be (1) sufficient in law to avail the party who pleads it, and (2) alleged or deduced according to the forms of law. Will's Gould on Pleading, pp. 2, 3, 192, 361. A cause of action is made up of a duty and its breach. The duty—the relationship from which the duty springs—must be shown by the facts alleged; and the breach of the duty may be averred by way of a conclusion. B. R. L. & P. Co. v. Littleton, supra; B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 376, 381, 60 South. 304; Johnson v. B. R. L. & P. Co. 149 Ala. 529, 43 South. 33; Long v. Addix, 184 Ala. 236, 63 South. 982; T. C. I. & R. Co. v. Moore, 194 Ala. 134, 69 South. 540; T. C. I. & R. Co. v. Smith, 171 Ala. 251, 255, 55 South. 170; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933; Sou. Ry. Co. v. Williams, 143 Ala. 212, 217, 38 South. 1013.

[4-6] The substantive law of torts in this state would subject a defendant to liability if by his simple negligence he injures anyone (except a trespasser on the defendant's land) when on a public highway, or on the defendant's land rightfully, for example, by permission of the defendant, or on the land of a third person whether rightfully or wrongfully. Therefore, if a plaintiff alleges, either that he was not a trespasser on the defendant's land, or that he had a right to be where he was, when injured, he has stated enough to show a duty owed to him by the defendant to use due care not to injure him. It is true the allegation that the plaintiff was not a trespasser or that he had a right to be where he was at the time of his injury states a conclusion of law objectionable on the ground of indefiniteness or as being a conclusion. Such defect is merely of form, and cannot be taken advantage of by a demurrer in which this ground of objection is not specifically stated.

It may be of interest to illustrate the foregoing rules by some of the recent applications thereof made by this court. In American Bolt Co. v. Fennell, 158 Ala. 484, 48 South. 97, the place of the injury is averred to have been on the public sidewalk of Birmingham. The law implied a duty on the part of the defendant to the public, on the street or sidewalk or approaching to cross the same at such point. In Sheffield Co. v. Morton, 161 Ala. 153, 163, 49 South. 772, it was said:

"Count 5 alleges that plaintiff's intestate had a right to go where he was when he received his injury. This allegation is general, but is sufficient to raise a duty on the part of the defendant to care for his safety in the maintenance of dangerous wires in the place where he was," that the place is alleged to have been within the city of Tuscumbia, "at a public place, near the western boundary of said city * * * near the edge of a bluff within easy reach of pedestrians going on or near the bluff," and that "plaintiff's intestate was on the bluff,

where he had a right to go," when he came in contact with said wire and received his injury.

In B. R. L. & P. Co. v. Cockrum, supra, the action was against an electric light company for injuries caused by a shock; and the complaint alleged that the place of the injury was "in the city of Birmingham, between Alley B of said city and that German-Lutheran Church which is on the southeast corner of Ayenue B and Nineteenth Street South, in said city, at a place where she (plaintiff) had a right to be, and was not a trespasser." Held, that the count stated a cause of action for simple negligence, since the facts averred showed that plaintiff was not at the time of the injury on the property of the defendant, notwithstanding it contained an allegation, objectionable as a conclusion, that she was not a trespasser and was at a place where she had a right to be.

[7] The locus in quo of an injury may be, according to the circumstances alleged, a part of the averment of facts showing the defendant's duty to plaintiff not to injure or permit his injury. If so, the facts averred must show that duty. It will be noted of the averment of the locus in quo of the injury in B. R. L. & P. Co. v. Cockrum, supra, that it occurred on the public street in the city indicated, or on the designated church lot. In that case the further conclusion of the pleader, that plaintiff was at a place "where she had a right to be and was not a trespasser," added nothing to the averred facts showing that the injury did not occur on defendant's property to a trespasser, but at a place between Alley B in that city and the said church lot or on the lot of the German-Lutheran Church. If at the latter place, plaintiff was rightfully on the church lot, so far as concerned the defendant.

[8] The locus in quo averred in count 3 was that plaintiff was injured by defendant's "team" running away and striking her "on or near said public highway, where she had a right to be." The public highway theretofore described in the count was that which was "customarily in use by the public in passing through property of defendant by permission of defendant." Testing this pleading by its weakest averment (Nat. Park Bank v. L. & N. R. R., 199 Ala. 192, 74 South. 69) when injured the plaintiff was "near said public highway, where she had a right to be," though not on said highway. For the assigned reason, reversible error was not committed in the failure to sustain demurrer to count 3: "For aught that appears, plaintiff was a trespasser on the premises of defendant." This ground of demurrer is not sufficient to challenge the count for its insufficiency, that it is too general and indefinite in that it states the conclusion of the pleader as to the right of the plaintiff to be

where she was at the time of the injury "near said public highway." The latter phrase "where she had a right to be," by fair intendment stated that she had a right to be where she was when stricken and injured by defendant's team. It is too narrow a construction to say that the count alleged merely that she had a right to be on the highway. If at the time of her injury she was where she had a right to be, whether on or near the highway, she was not a trespasser on defendant's land, and the latter owed her a duty of due care. The fault in the count is that the place of the injury was averred by conclusion, and the demurrer was not rested on this ground. There was no ground challenging the sufficiency of count 3 in respect to the allegation of defendant's duty in the premises.

[9] A question presented upon the first count is whether a trespasser may recover for an injury received or sustained at a place upon the property of the defendant, the proximate result of the simple negligence of the defendant committed or permitted on the public highway adjoining defendant's property. It being admitted that a property owner owes no duty to a trespasser (except the duty not to willfully or wantonly injure him, nor by subsequent negligence injure him; not to set traps or pitfalls to injure him, or to construct and leave unguarded attractive nuisances to the hurt of children), does the place where the defendant is when guilty of the simple negligence proximately causing the injury, or the fact that the defendant owes a duty to other people who may be on the street where he is at the time of said act of negligence, add anything to the duty owing to the trespasser on defendant's property when receiving his injury? As to such defendant, the plaintiff is none the less a trespasser because the defendant is not at home, or is in the street, or if defendant is a trespasser upon the premises of a third person at the time of his act of simple negligence resulting in the injury of which complaint is made. Sou. Ry. Co. v. Williams, 143 Ala. 212, 217, 38 South. 1013; Grissom v. A. & B. A. L. Ry., 152 Ala. 110, 112, 44 South. 661, 13 L. R. A. (N. S.) 561, 126 Am. St. Rep. 20; B. R. L. & P. Co. v. Jones, 153 Ala. 157, 166, 45 South. 177; S. S. S. & I. Co. v. Bibb, 164 Ala. 62, 67, 51 South. 345; Sou. Ry. Co. v. Crawford, 164 Ala. 178, 183, 51 South. 340; Sou. Ry. Co. v. Drake, 166 Ala. 540, 545, 51 South. 996; West. Ry. of Ala. v. Wallace, 170 Ala. 584, 588, 54 South. 533; T. C. I. & R. Co. v. Smith, 171 Ala. 251, 255, 55 South. 170; B. B. Ry. Co. v. Drake, 1 Ala. App. 354, 357, 56 South. 53; 2 Mod. Am. Law, § 35, p. 141; 4. Mod. Am. Law, § 107, p. 263. For the effect of violation of a statute, see cases collected in Ill. Cent. R. Co. v. Camp, 201

Ala. 4, 75 South. 290; notes, L. R. A. 1915E, 502, 535; 2 A. L. R. 159.

The reason on which the measure of duty rests may be illustrated as follows: If, being a trespasser upon my neighbor's yard, I throw a log into his fence knocking it into my yard, I have wronged my neighbor by an injury to his property. Have I wronged the trespasser in my yard upon whom the fence fell and injured? If I knew the trespasser was in my yard, or knew of facts amounting to notice of his presence, and that he would probably be injured by the throwing of the log and by the falling of the fence, there would be liability. Liverett v. N. C. & St. L. Ry., 186 Ala. 111, 114, 65 South. 54; Cent. of Ga. Ry. v. Foshee, 125 Ala. 199, 27 South. 1006; Herrick v. Wixon, 121 Mich. 384, 80 N. W. 117, 81 N. W. 333; Fearons v. K. C. Elev. Ry. Co., 180 Mo. 208, 79 S. W. 394; 2 M. A. L. § 42, p. 148; § 44, p. 150. If I did not know of his presence, or of facts amounting to notice of his presence, I owed him no duty as a trespasser. The fact that I owed my neighbor a duty in relation to his property so injured could not be transferred to the trespasser on my lands who is injured by me without fault and unawares, by the fall of the fence.

The first count alleges that defendant's servant was on a public road and did, in the discharge of the duties of his employment, so negligently drive and mismanage defendant's said team that it ran away, injuring plaintiff while she was at a well drawing water, "where she had a right to be." It does not state whether the well was on public property or on a third person's land, or on the land of the defendant, except inferentially, by stating that the public highway was at or near the defendant's premises. It makes no difference who owned the well where plaintiff was at the time of the injury, for, since plaintiff was "where she had a right to be," she was not a trespasser upon defendant's land at the time of the injury. The probability of her being a trespasser is expressly negatived by the averment that she was "where she had a right to be." Such being an averred fact (it is true by conclusion), the defendant owed her a duty not to injure her from its negligent act, or that of its agent, in the discharge of the master's business and its agencies. This count as amended was subject to demurrer for averment of the place of injury by way of conclusion as declaring or as related to the duty of the defendant to plaintiff. However, it is averred that the defendant's agent causing the injury was off its land when so permitting or causing the injury by the simple negligence averred, and (by conclusion) it is further averred of plaintiff's whereabouts that she was "where she had a right to be" when she sustained that injury. That was sufficient to conclude the question against defendant that plaintiff was not a trespasser on its land when so injured. There was no ground of demurrer challenging the sufficiency of this count for such averment by conclusion, and the ground of demurrer, "for aught that appears, plaintiff was a trespasser on the land of defendant," was not sufficient to challenge the count for the averment of the place of plaintiff's injury by conclusion.

[10] In this jurisdiction the doctrine announced that the keeper or owner of a domestic animal which is vicious or accustomed to do violence, having knowledge of such violent disposition or habit, must safely and securely keep and control such animal so that it cannot inflict injury to the property or person of others. The keeper or driver of a vicious animal must, at his peril, safely keep or control the same. "Such is the condition on which the ownership or custody of known vicious animals is tolerated. Ownership or custody of such vicious animal is not one of the natural, inherent rights of property. It is a qualified, or restricted right. Qualified by the condition that the animal can be and is safely confined and kept" or controlled. Strouse v. Leipf, 101 Ala. 433, 438, 14 South. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122; Kitchens v. Elliott, 114 Ala. 290, 21 South. 965; American Bolt Co. v. Fennell, supra; Smith v. Causey, 22 Ala. 568; Code, §§ 2470, 2471.

[11] The foregoing authorities bear some analogy to the duty of the defendant's servant in driving or controlling the team composing the vicious or skittish mule, if such was its disposition or habit, and known to its driver. The witness Sims on direct examination testified on behalf of plaintiff that he went with defendant's agent, wagon, and team, and that the driver thereof (Bailey) was acting within the line and scope of his employment; that one of the mules so driven "was kind of skittish and wanted to run"; that witness had driven this mule "a time or two when it was kind of skittish." On cross-examination defendant sought to rebut this tendency of evidence and to test the knowledge of the witness as to the nature and disposition of said mule described as being skittish, which cross-examination was denied by the trial court in response to plaintiff's objection. The word "skittish" is defined in Webster's New International Dictionary as:

"(1) Easily frightened, timorous, shy; as, a skittish colt; (2) hence restive; volatile, capricious; also fickle; tricky; deceptive."

It may be said that at the time of the trial, and among English speaking men, the word "skittish," as applied to such animals where driven to a vehicle, had a well-known meaning and had the same meaning as describing the animals being driven and hitched to defendant's wagon. However, it was a

pertinent question whether the disposition or habit of defendant's said mule, described as being "skittish," was that common to mules in general being driven in the community; and, if of a different habit or disposition, whether the same was known to defendant's driver and imposing upon him extraordinary care, attention, and skill to prevent its fright in harness and getting beyond his control to the injury of others. The proper cross-examination on the question sought of said witness is evidenced by the questions:

"You say one of the mules was skittish? Ain't that the common disposition of an ordinary mule to be skittish?" "Are you familiar with mules, Mr. Sims?"

Defendant's counsel declared the purpose of the cross-examination by stating to the court:

"My object, your honor, is just to show that it is the natural habit of a mule to be skittish."

This limitation of the right of cross-examination of the witness was fraught with error. Moreover, if the nature and habit of the mules driven had not been a question for the jury, plaintiff having gone into that phase of the evidence, warranted the defendant's reply, by cross-examination sought to elicit evidence of a like nature and to a contrary import. Gibson v. Gaines, 198 Ala. 583, 590, 73 South. 929; Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 South. 264.

Appellee's counsel insist that there was no error in sustaining the objections to this proposed cross-examination, and in support thereof say that the nature of a mule is common knowledge, citing American Bolt Co. v. Fennell, supra. The authority is not apt. It will be noted that the observation there made was of the common knowledge of the nature of an animal driven and the relation of "laches to its good behavior." It is, however, commonly known that a driver of mules or horses hitched to a vehicle must govern his conduct according to the character of the animals driven. If easily frightened, the driver must the more constantly be on guard to prevent them from getting beyond his control, and this would be unnecessary if such animals being driven are well broken and of gentle nature in harness. The cross-examination sought to elicit information from which the jury might draw inference as to the nature and disposition of the two mules being driven at the time of the injury, as regards the driver's duty, and as testing the accuracy of witness's statement and credibility to be given the same. The witness sought to be cross-examined was the only witness whose testimony tended to show that one of the mules was "skittish." Hence the conclusion must be drawn that the defendant's rights were prejudiced by the action of the court in sustaining plaintiff's objection to the proper cross-examination proposed by defendant.

It is unnecessary to consider the other assignments of error.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.