154 So. 556

## BUFFALO ROCK CO. v. DAVIS.

### 6 Div. 368.

Supreme Court of Alabama.

March 8, 1934.

Rehearing Denied May 24, 1934.

R. P. Evans, Borden Burr, and Stokely, Scrivner, Dominick & Smith, all of Birmingham, for appellant.

Chas. W. Greer, of Birmingham, for appellee.

FOSTER, Justice.

This suit was tried on counts 2, 3, and 4. Count 2 alleges that both plaintiff and defendant's agent were using a public road by each operating on it a motor vehicle. They both had such legal right. Therefore each owed to the other the duty not to injure him by reason of negligence or wantonness. Cooper v. Agee, 222 Ala. 334, 132 So. 173; Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Barbour v. Shebor, 177 Ala. 304, 310, 58 So. 276; American Bolt Co. v. Fennell, 158 Ala. 484, 48 So. 97.

When a complaint shows that both plaintiff and defendant were in the ordinary and rightful use of a highway, and a duty is thereby shown, the general averment of a negligent or wanton injury by defendant of plaintiff is sufficient. Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541; Barbour v. Shebor, supra; American Bolt Co. v. Fennell, supra; Birmingham R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, 263; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933.

■ Knowledge of the probability of danger prior to the alleged wrongful act is prerequisite to subsequent negligence and wantonness, but it is not necessary to primary negligence. In some instances no duty of care, the failure of which is negligence, arises without such notice (Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; 45 C. J. 1066); but it is then subsequent negligence.

As respects the element of knowledge of the peril, there is no distinction in principle between subsequent negligence and willful or wanton wrong. Central of Ga. Ry. Co.'. v. Corbitt, 218 Ala. 410, 118 So. 755. But such notice of danger is not an element of primary negligence, for due care arises without notice of the danger, when certain relations exist which create the legal duty of ordinary care.

■ The driver of defendant's car owed the plaintiff the duty to observe ordinary care not only after discovering her presence in the car, but also to anticipate the presence of plaintiff, or others, in the car, and also to anticipate the presence of another car in which plaintiff or others, such as plaintiff, might be passengers. Cooper v. Agee, supra; 48 C. J. 909; 2 R. C. L. 1184.

Accordingly it has been held that a count that defendant "negligently permitted and suffered the said locomotive and train to run into and against a passenger car" in which plaintiff's intestate was a conductor is sufficient as a count for simple negligence. Louisville & N. R. R. Co. v. Anchors, 114 Ala. 492, 22 So. 279, 62 Am. St. Rep. 116.

■■ And, when a duty is shown, no more is required than to aver that the injury was inflicted by reason of the negligence of defendant in the performance of that duty. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; American Bolt Co. v. Fennell, supra. In fact a count such as No. 2 in this case has been expressly approved. Strickland v. Davis, 221 Ala. 247, 128 So. 233.

■ But there can be no wanton injury without a knowledge of conditions which make the act causing it likely to result in injury and a consciousness of the danger. It does not result from mere negligence in the failure to have that knowledge and consciousness. Therefore a complaint in wantonness must either allege in terms that the injury was wantonly inflicted, or that some act was wantonly done by one who knew and was conscious of the danger to plaintiff, or to some one likely to be such as plaintiff, as a result of that act, and then that the act was done with reckless indifference as to the consequences.

■ Count 3, the wanton count, alleges that a servant of defendant in the line and scope of his employment "wantonly injured the plaintiff by so operating a motor truck over and along a public highway * * * as to cause an automobile being then and there operated by plaintiff over and along said road to be thrown," and that as a proximate consequence plaintiff was injured. But the count does allege a wanton injury. If it is subject to demurrer on the ground that it undertakes to allege the quo modo, but is insufficient in that respect because it does not allege knowledge by the servant of the dangerous condition and other essentials of wantonness, we have but to observe that no such demurrer was assigned. Caruth v. Sparkman, 226 Ala. 594, 147 So. 884; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165; Byram v. Bryan, 224 Ala. 466, 140 So. 768; Harrison v. Formby, 225 Ala. 260, 142 So. 572.

The charge of wanton injury states a cause of action. Southern Ry. Co. v. Dickson, supra; Yarbrough v. Carter, 179 Ala. 356, 60 So. 833. The count (3) is not subject to any ground of demurrer assigned to it.

■ Count 4 is also in simple negligence, and not subject to any ground of demurrer assigned.

■■ Certain charges were refused to the defendant and are grouped in the brief of appellant's counsel (assignments 11, 12, 13, 14, and 15). The charge made the basis of assignment of error No. 11 is taken from a statement of law in Government St. Lumber Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177. At the time the principle was asserted, the present road law of Alabama, Acts 1927, p. 372, § 63 (Michie's Code, § 1397 (65), did not exist. It is not now in accordance with the statute we have cited. But, if otherwise correct, it is not in proper form as a charge, since it leaves without explanation what is meant by "in keeping with the laws of the road." Townsend v. Adair, 223 Ala. 150, 134 So. 637.

The Act of 1927, p. 370, § 55 (Michie's Code, section 1397 (57) provides that on such a road a driver shall proceed upon the right half of the highway, and section 63 (Michie's Code, § 1397 (65) provides that the driver before turning from a direct line in which he is traveling shall first see (meaning observe due care to see) that such movement can be made

in safety. Those statutes limit the principle mentioned in the case of Morrison v. Clark, 196 Ala. 670, 676, 72 So. 305, and in the Ollinger Case, supra, to a different effect.

We think the meaning of sections 58 (b) and 60, Acts 1927, pp. 370, 371 (Michie's Code, §§ 1397 (60), and 1397 (62), is that, when a horn is sounded or other signal given with sufficient intensity, on a car following another, and the forward car "gives way to the right," the driver in the rear may be found by the jury to have the right to assume that his signal was heard, and that such movement was for the purpose of giving way in his favor, unless it appears to have been for some other purpose, as may be manifested by all the circumstances. We do not think that the rear driver is bound at his peril to know that the forward driver did hear the signal and was giving way for him, but that he may act on the reasonable appearances after he has given the statutory signal; nor is he justified absolutely in assuming that his signal is heard and acted on because the forward car moves to the right to some extent or for some purpose. But the result must be a reasonable conclusion from all the facts to be found by the jury.

Charges in assignments 11, 12, 13, and 14 are not in accord with these principles.

Charge No. 15 is sufficiently covered in the general charge of the court.

Moreover, all four of these charges are jointly argued as being controlled by the same principles. The judgment should not be reversed if any one of them is bad. Malone v. Reynolds, 213 Ala. 681, 105 So. 891.

We do not think that reversible error is shown in respect to the requested charges, nor in the introduction of evidence, but further discussion would serve no useful purpose.

We have in consultation read this entire record, and carefully considered the motion for a new trial and the claim that the damages, after plaintiff made a remittitur, as ordered by the circuit court, are excessive. We are not willing to disturb the judgment in any respect, but we think discussion is not necessary.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.